## P. DE MARCO v. THE STATE.

1. RETAILING LIQUOR.  *Indictment.*  *Code* 1880.  *Motion in arrest.*
   An indictment, returned Dec. 10, 1880, which charges retailing liquor without a license on Nov. 2 of that year, is good, upon motion in arrest of judgment, under Code 1880, which took effect one day before the alleged offence.

2. SAME.  *Reversal.*  *Variance.*  *Date of offence.*  *Code* 1871.
   Conviction under this indictment will not be reversed upon the ground that the offence was committed in the preceding summer while Code 1871 was operative, because the date alleged is immaterial on motion for a new trial.

3. SAME.  *Newly discovered evidence.*  *New trial.*
   Newly discovered evidence is no ground for a new trial, if its only effect is to contradict the State's sole witness as to one purchase of liquor, while his testimony embraced several purchases.

APPEAL from the Circuit Court of Adams County.

Hon. RALPH NORTH, Judge.

After conviction under an indictment returned on Dec. 10, 1880, for selling vinous and spirituous liquors on Nov. 2, 1880, in less quantities than one gallon without license, the appel-

lant moved in arrest of judgment, upon the ground that Code 1871, § 2690, imposing a penalty for retailing liquor without license, was repealed by the Code of 1880, which took effect on November 1 of that year; and also moved for a new trial, upon the ground that the court erred in charging the jury that the offence need not be proved to have been committed as late as Nov. 1, 1880, or at the time stated in the indictment, and the further ground that he had found testimony since the trial to contradict the only witness for the State, by showing that on one of the occasions when he testified that he bought whiskey from the accused, he really bought coffee. Both motions were overruled.

*James G. Leach*, for the appellant.

1. The defendant was indicted under Code 1871, § 2690, which was repealed by Code 1880, on Nov. 1 of that year. Section 3096 of the latter Code saves to the State the right to prosecute offences committed prior to that date; but to maintain such a prosecution the indictment must allege that the offence was committed while the statute under which it is found was in force. This indictment alleges that the offence was committed on Nov. 2, 1880, when the defendant could have sold spirituous or vinous liquors in quantities of one pint or over without incurring the penalty. A different statute was in force when the offence is alleged to have been committed, and there could be no legal conviction under the indictment in this case. *Anthony* v. *State*, 13 S. & M. 263; *Ike* v. *State*, 23 Miss. 525; *Scott* v. *State*, 31 Miss. 473; *Williams* v. *State*, 42 Miss. 328. As an indictment under the Code of 1880, it has no more force than if it charged generally the violation of that body of laws.

2. It was error to give the instructions for the State. The newly discovered evidence is such as ought to produce, on another trial, the opposite result on the merits, and it entitles the defendant to a new trial. 3 Whart. Crim. Law, § 3356. A party is entitled to a new trial when taken by surprise at a trial and no laches can be ascribed to him or his counsel. 3 Whart. Crim. Law, § 3372. This State's witness, by his false testimony, which was totally unexpected, surprised the accused, who had no opportunity to contradict him:

*T. C. Catchings,* Attorney General, for the State.

The indictment, found after Code 1880 went into effect, and charging that the offence was committed after this Code became operative, is nevertheless framed in the language of Code 1871, § 2690. Under Code 1880, §§ 1097, 1098, it is unlawful to sell liquor in any quantity without license, and, under § 1112, the seller is subject to indictment. The only difference between the classes of dealers is the tax. The offence is the same, regardless of the quantity in which they sell, and the apparent separation in § 1112 of the pint sellers, is only to more easily define other offences mentioned in the section. A general charge in an indictment that the accused sold liquor without license is sufficient. Code 1880, § 1114. The indictment is good, therefore, under this Code. Under this indictment the accused can be held as convicted of an offence against Code 1871. The charge that the sale took place on Nov. 2, 1880, after the new Code took effect, does not prevent conviction under the old one, if the indictment conforms to the old Code, and the proof shows a sale prior to Nov. 1, 1880. Time not being of the essence of the offence, the indictment is to be treated as if no time whatever is alleged ; and, if no time were stated, the indictment would nevertheless be good. Code 1880, § 3013.

COOPER, J., delivered the opinion of the court.

Both under the Code of 1871 and that of 1880, it is a misdemeanor for one not having a license to sell vinous or spirituous liquors in the quantity named in the indictment. The indictment, though framed by the draughtsman in accordance with the provisions of the Code of 1871, is yet good under the Code of 1880. The date of the offence is laid on the second of November, or one day after the Code of 1880 went into operation. The proof shows that the offence was committed before that day, *i. e.* in the summer of 1880. On a motion to quash, or in arrest of judgment, the indictment would stand, because it charges an offence under the Code of 1880. On the motion for a new trial, the verdict is upheld, because the date when the offence is alleged to have been committed is immaterial.

The newly discovered testimony was not such as to entitle the appellant to a new trial.   The witness for the State testified that he had on many occasions during the summer purchased whiskey from the appellant.   The newly discovered testimony only went to the extent of contradicting him as to what occurred on one particular occasion.   Admitting the testimony of the State's witness to be true, except as to the occurrence to which the newly discovered testimony relates, the verdict would still be right.

*Judgment affirmed.*