CAMPBELL *v.* STATE.

[86 South. 513.  No. 21465.]

1. CRIMINAL LAW.  *Newly discovered impeaching evidence is not ground for new trial.*

Newly discovered evidence that a witness, who testified for the state on a trial for murder that he saw the defendant shoot the deceased, was, at the time the deceased was killed, at a place from which he could not have seen what then occurred, tends only to impeach the credibility of such witness, and presents no ground for a new trial.

2. CRIMINAL LAW. *Newly discovered evidence, impeaching material witness, is ground for new trial.*

    A new trial should be granted in a prosecution for homicide, where the accused discovers after the trial evidence, which, if true, would demonstrate that the homicide did not occur in the manner detailed by the state's witnesses, and it appears that the rules respecting applications for new trials on the ground of newly discovered evidence have been complied with.

APPEAL from circuit court of Marion county.

HON. A. E. WEATHERSBY, Judge.

Robert Campbell was convicted of murder, and sentenced to death, and he appeals. Reversed and remanded.

*Davis & Langston,* for appellant.

On the question of newly discovered evidence, learned counsel for the state cites many cases in support of the state's theory of this case, none of which, however departs from the rules followed by our own court.

In the *Cooper case,* 53 Miss. 393, new trial was denied because appellant was guilty of laches, in refusing to cross-examine witnesses for the state on the question of the value of a gun, and in neglecting to introduce available witnesses on this point, value being the only question for the court to pass on, and that for the purpose of determining the degree of the offence.

In the *De Marco case,* 59 Miss. 355, new trial was denied, not because the newly discovered evidence contradicted witnesses for the state, but because it only contradicted his testimony as to one purchase of liquor. Witness having testified that he made several purchases of liquor from the defendant during that summer.

In the *Bailey Case,* 94 Miss. 863, new trial was denied because newly discovered evidence went to impeach one of the state's witnesses and not the main witness for the state and this evidence went to impeach only the credibility of this witness. In the *Tuberville case,* 38 So. 333, new trial was denied on the ground of newly discovered evidence for the reason that the newly discovered evidence merely

tended to impeach the credibility of one of the state's witnesses, and was negative in its character."

In the *Smith case,* 102 Miss. 330, new trial was denied because the witness would only say that the state witness testified falsely in giving his reasons for writing the letters which contradicted his evidence, and if the witness had been present at the trial, he would have testified merely that the boy falsified about his reasons for writing the letters which the boy admitted were false.

It seems to us that the case at bar is a much stronger case on the ground of newly discovered evidence than the case of *Bates* v. *State,* 32 So. 915. In this case, the main evidence for the state in a trial for burglary was the testimony of one B, that he had talked with defendant at his (B's) gate, had gone away, and when he came back had found his house broken open, and a watch and razor gone. After conviction, defendant asked for a new trial, and offered the testimnoy of three persons that B had told them that the person with whom he talked at the gate was a negro of an entirely different description from defendant, and that they had not mentioned what B told them until after the trial. Held, that a new trial should have been granted on the showing made of newly discovered evidence.

The tendency of the newly discovered evidence in the case at bar, is not merely to impeach the credibility of the state's witnesses, although it does impeach their testimony, nor is it merely negative in character, although it does negative the state's theory of the case, but it goes to show that the shooting did not occur at the window from the outside of the house as testified to by all of the witnesses for the state, but that it did occur on the inside of the house which supports and corroborates the testimony and theory of the defense.

*H. Cassedy Holden,* for the state.

New Trial on the Ground of Newly Discovered Evidence.

By references to the affidavits previously cited to the court, it will be seen that all the testimony proffered there-

in is of a negative character and is an impeachment of the witnesses for the state. A new trial will not be granted on the ground of newly discovered evidence where the said evidence is of a negative character only and merely goes to the impeachment of one or more witnesses for the state. 16 C. J. 1202, paragraph (8); *Cooper* v. *State,* 53 Miss. 393; *Demarco* v. *State,* 59 Miss. 355; *Bailey,* v. *State,* 94 Miss. 863, 48 So. 227; 20 L. R. A. (N. S.) 409; *William* v. *State,* 99 Miss. 274, 54 So. 857; *Tuberville* v. *State,* 39 So. 333 (cited in *Overton* v. *State,* 101 Miss. 607, 58 So. 219); *Smith* v. *State,* 102 Miss. 330, 59 So. 96. A new trial will not be granted on the ground of newly discovered evidence where it appears that all the evidence, including that which is newly discovered, is sufficient to sustain the verdict. 16 C. J. 1204; *Drake* v. *Com.,* 7 Ky. L. 529; *State* v. *Gaasch,* 56 Wash. 381.

Newly discovered evidence which is merely in contradiction to testimony given on the trial is not good ground for a new trial. *Tally* v. *State,* 18 Ariz. 309, 159 Pac. 591; *Young* v. *State,* 99 Ark. 407, 138 S. W. 475; *Gannon* v. *State,* 75 Com. 576, 54 A. 199; *Boyett* v. *State,* 6 Ga. App. 150, 84 S. E. 613; *People* v. *Stielow,* 160 N. S. 555; *Tate* v. *State,* 66 Tex. Cr. 198, 146 S. W. 169.

In its final analysis the matter rests very much in the discretion of the trial court; and if the evidence not only tends to impeach the state's witnesses but is also of such affirmative character as would probably produce a more favorable result on a new trial, the motion will be granted especially where defendant was surprised on the trial or where the state's evidence was weak and unsatisfactory. 16 C. J. 205.

The newly discovered evidence will not be accepted as grounds for a new trial unless the court can see that its admission on a new trial will probably produce a result more favorable to defendant than the verdict on the original trial." 16 C. J. 1026, et seq.

The effect of the newly dicovered evidence proffered by the defendant, as shown by the affidavits in the record,

would be only to impeach the witnesses for the state and to contradict testimony given at the trial.

The appellant cites *Williams* v. *State*, 99 Miss. 274, 54 So. 857. This was a case in which the age of a female was the essential fact to be established. There was very serious doubt from the evidence whether at the time of the alleged crime the female was under the age of twelve years. The newly discovered evidence proffered in that case would have removed all such doubt, and the court held that in view of this situation the lower court should have granted a new trial. The newly discovered evidence in the Williams case is nothing like the newly discovered evidence offered in the case at bar.

The appellant cites *Turner* v. *State*, 89 Miss. 621, 42 So. 165. In the Turner case the newly discovered evidence consisted of the testimony of a witness which would have denied and positively contradicted the testimony of the state's witnesses on every material point. The conviction, in that case rested upon the testimony of the witnesses as to the alleged dying declarations of the decedent. The court reversed and ordered a new trial. The newly discovered evidence in the Turner case justified a new trial because it contradicted the entire case made out by the state through a single witness.

The appellant cites *Watson* v. *State*, 96 Miss. 369, 50 So. 627. In the Watson case a defendant was convicted of murder upon the testimony of a single witness who had told different stories about the killing. This witness stood contradicted by his own written testimony and by the testimony of other witnesses. The evidence against the accused was very weak and doubtful and the court said that the testimony of the witnesses was so overwhelmingly contradicted by his own previous testimony that the supreme court would be justified in reversing the case, on that ground alone. In such a state of affairs, the newly discovered evidence should have been admitted, but in the case at bar there is no such weakness or contradictory statements in the evidence introduced by the state. The

evidence adduced by the state in the case at bar is clear and strong, logical and properly corroborated. If believed, it leaves no doubt of the guilt of the defendant or of how the killing occurred.

The appellant cites *Barrentine* v. *State,* 51 So. 275. The opinion in the case does not show what the newly discovered evidence consisted of, but by reference to supreme court record No. 14362 at page 83, it will be found that the newly discovered evidence consisted of entirely new facts which had not been brought out in the trial. It consisted of the testimony of a coroner and went to the very bone of the case. The case made out against Barrantine by the state was weak and doubtful and guilt was seriously to be questioned from the evidence. The newly discovered evidence would have removed all such doubt and tended to show that the killing had been done in self-defense.

The appellant cites *Weathersby* v. *State,* 95 Miss. 300, 48 So. 724. In the Weathersby case the newly discovered evidence consisted of an eyewitness of the actual killing. In the case at bar no eyewitness to the killing is offered unless it be Mike Wilson, who made affidavit that he was about fifty yards from the house when the killing occurred and that it occurred inside the house. But Mike Wilson did not see the actual killing. He said in his affidavit that he heard the shots and then saw the defendant come out of the house and go across the gallery and out through the yard. He did not see how the killing occurred but only saw what happened after the shots were fired. In the Weathersby case the new trial was granted because it was shown that the newly discovered evidence would shake a material part of the state's evidence in chief.

The appellant cites *Buckner* v. *State,* 81 Miss. 140, 32 So. 920. In the Buckner case the evidence for the state was very unsatisfactory and doubtful. The defense was an *alibi.* The newly discovered evidence consisted of the testimony of witnesses that the death occurred about 11 o'clock a. m., and that was a time when the defendant was not present at the scene of the killing. The defendant had

proved his absence from the scene of the killing up to two or three o'clock in the afternoon. By the newly discovered evidence he could have proved that the killing took place about 11 o'clock in the morning, which proof would have exonerated him. It will be seen that this newly discovered evidence justified a new trial as it had to do with the very backbone of the state's case.

The appellant also cites *McCearley* v. *State,* 52 So. 796. The testimony against McCearley was very unsatisfactory and doubtful and consisted almost entirely of the testimony of an accomplice and acknowledged thief. In view of this situation a new trial was granted.

It is the rule, familiar to this court, that new trials will be granted with reluctance on the ground of newly discovered evidence. Courts look with suspicion and doubt upon such evidence. The matter of granting a new trial rests largely in the sound discretion of the trial court.

In the *Overton case,* 101 Miss. 607, 58 So. 219, this court, through Justice SMITH, held that the motion for a new trial on the ground of newly discovered evidence was properly denied where it appeared that the defendant offered testimony that two witnesses by whom the state's case was proven were not present at the difficulty, which resulted in the death of deceased. With the exception of the proffered testimony of Mike Wilson, the case at bar is on all fours with the Overton case.

All of the proffered testimony on the motion for a new trial in the case at bar tends to impeach Sophronia Young by showing that she was not in a position to see the defendant as he stood upon the gallery and fired into the house through the window. There is no positive testimony offered on the new trial. It is all negative testimony, including that of Mike Wilson. The court said in the Overton case: "The newly discovered testimony merely tended to impeach the credibility of the witnesses, and was merely negative in its character.

Such is the case with the newly discovered evidence in the case at bar; it only tends to impeach the state's witnesses and is merely negative in character.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of murder. The state's case was made by the testimony of two witnesses and the dying declaration of the deceased, from which it appears that the deceased and Henderson Jackson, one of the state's witnesses, were in the front room of a cabin when the appellant fired three times from the outside through one of the windows of the cabin, thereby killing the deceased.

According to the testimony of the appellant, who was the only other eyewitness who testified, he, Henderson Jackson, and the deceased were together in the room, and that he shot and killed the deceased while in the room in self-defense.

A motion for a new trial filed by the appellant, and which was overruled, set forth that he had discovered several new witnesses two of whom would testify that they were then with Sophronia Young, one of the state's witnesses who claimed to have seen the appellant firing through the window, at a place from which it was impossible to see what was occurring at the deceased's cabin, and that one of whom, Mike Wilson, would testify that he was within fifty yards of the cabin when the shooting occurred, that it occurred on the inside of the cabin, and that immediately thereafter the appellant came out of the door of the cabin. This motion was supported by the affidavits of the proposed witnesses. It appears from the evidence introduced in support of the motion that the failure of the appellant and of his counsel to discover these witnesses prior to the trial was not due to any lack of diligence on their part.

The testimony of the two witnesses in impeachment of Sophronia Young presents no ground for disturbing the verdict (*Tuberville* v. *State,* 38. So. 333!), but that of Mike Wilson does; for if the facts are as set forth in his affidavit, the homicide did not occur in the manner claimed by the state's witnesses, and the case will then rest on the testimony of the appellant alone (*Weathersby* v. *State,* 95 Miss. 300, 48 So. 724).

*Reversed and remanded.*