HART *v*. STATE.*

(Division A.   March 12, 1928.)

[115 So. 887.   No. 26877.]

1. CRIMINAL LAW.   *Jury must pass on contested issue of fact relative to defendant's innocence.*

   In prosecution for incest, it is peculiarly the province of the jury to pass on contested issues of fact relative to innocence of charge.

2. CRIMINAL LAW.   *Testimony to statements by defendant's wife, who was not witness, held properly excluded.*

   In prosecution for incest, testimony tending to impeach defendant's wife *held* properly excluded, where she was not a witness in the case whose testimony might be impeached or discredited.

   149 Miss.—52.

3. CRIMINAL LAW. *Instruction relative to acquittal, if complaining witnesses testified falsely, held properly refused, as singling out complaining witness by name.*

In prosecution for incest, instruction relative to complaining witness having testified falsely *held* properly refused, in that it improperly singled out complaining witness by name, and particularly in view of fact that another instruction was given relative to discrediting testimony of witnesses testifying falsely.

4. CRIMINAL LAW. *Newly-discovered testimony merely tending to impeach credibility of state's witness does not require new trial.*

Newly-discovered testimony merely tending to impeach credibility of state's witness *held* not to require granting of motion for new trial.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 622, n. 12; p. 1040, n. 87; p. 1202, n. 70; Incest, 31CJ, p. 389, n. 66; Evidence tend-to impeach character of state's witness not grounds for new trial, see 20 R. C. L. 295; 3 R. C. L. Supp. 1052; 4 R. C. L. Supp. 1352; 5 R. C. L. Supp. 1096; 6 R. C. L. Supp. 1203.

APPEAL from circuit court of Simpson county.

HON. W. L. CRANFORD, Judge.

David Hart was convicted for incest, and he appeals. Affirmed.

*A. M. Edwards,* for appellant.

The third assignment of error is that the court erred in refusing to grant the following instruction, requested by the defendant. ''The court charges the jury for the defendant that he had the moral and legal right to control his home and to correct his minor children in a reasonable way, and to the extent of inflicting corporal punishment upon them in order to bring them under control. The court further instructs the jury that if you believe from the evidence in this case that the said Anna May Hart has testified falsely against the defendant, or if there is a reasonable doubt as to whether or not she has on account of the said corporal punishment, or for

any other cause, then in this event it is your sworn duty to find the defendant not guilty.'' We submit that the court committed grave error in refusing this instruction, for the reason that appellant had the right to correct his minor children in a reasonable way, and to the extent of inflicting corporal punishment upon them in order to bring them under control, and on account of said punishment, or for any other cause the jury should believe from the evidence that the said Anna May Hart testified falsely against the defendant surely he ought to have been acquitted.

The fourth assignment of error is that the court erred in overruling the defendant's motion to set aside the verdict of the jury and to grant him a new trial upon newly-discovered evidence. In support of this motion there were two affidavits made and filed. In discussing this assignment of error we wish to say that we understand the rule of law to be that the courts will grant with great reluctance new trials sought on the ground of newly-discovered evidence, especially when such evidence is merely cumulative; but where the newly-discovered evidence is corroborative the rule is not enforced with the same strictness as where it is merely cumulative. *Williams* v. *State*, 99 Miss. 214, 54 So. 857. In the case at bar we submit that the newly-discovered evidence is not merely cumulative, but that it is corroborative of the testimony given by the appellant, and that it is well calculated to change the result of the former trial. ''An application for a new trial of one convicted of murder on the ground of newly-discovered evidence, was erroneously denied where the evidence, if true, would seriously shake a material part of the evidence for the state in chief. *Weathersby* v. *State*, 95 Miss. 300, 48 So. 724; *Watson* v. *State*, 96 Miss. 369, 50 So. 627.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Counsel object to the action of the court in refusing the instruction requested by the defendant. The court will observe that the instruction attempts to cover two points of law, it being divided into two paragraphs, each of which deals with a different proposition of law. The first paragraph, in my opinion, properly states the law, but the second paragraph does not properly state the law. It tells the jury that if they believe that Anna May Hart has testified falsely, then the defendant is not guilty. As written, the instruction draws no distinction between false testimony on material or immaterial facts, and draws no distinction between false testimony which was wilfully and knowingly given and that which might have been inadvertently given and it wholly disregards the fact that even though this witness' testimony might be false in some particulars, yet in others it might be true and might be supported by the testimony of other credible witnesses. Counsel obtained two instructions which properly instructed the jury with reference to the precise point which was attempted to be covered by the refused instruction. There certainly could have been no error committed by the court in this respect.

The motion for a new trial was predicated solely on evidence which would go to impeach one of the state's witnesses by showing contradictory statements made by her prior to the time of the crime. The rule is well settled in this state, and is so conceded by counsel in his brief, that courts will grant new trials on the ground of newly-discovered evidence with great reluctance. *Williams* v. *State,* 99 Miss. 274, 54 So. 857. The rule is well settled in this state that where the testimony proffered is of a negative character only and merely goes to the impeachment of witnesses for the state, a new trial will not be granted. *Cooper* v. *State,* 53 Miss. 393; *Demarco* v. *State,* 59 Miss. 355; *Bailey* v. *State,* 94 Miss. 863, 48 So. 227, 20 L. R. A. (N. S.) 409; *Williams* v. *State,* 99 Miss. 274, 54 So. 857; *Tuberville* v. *State,* 38 So. 333;

*Overton* v. *State*, 101 Miss. 607, 58 So. 219; *Smith* v. *State*, 102 Miss. 330, 59 So. 96; *Campbell* v. *State*, 123 Miss. 713, 86 So. 513. Appellant however, argues that in this case a different proposition is involved because if the testimony of these witnesses be true, then a material part of the evidence for the state will have been shaken. In support of this argument they cite *Weathersby* v. *State*, 95 Miss. 300, 48 So. 724; and *Watson* v. *State*, 96 Miss. 369, 50 So. 627. Neither of these cases is applicable to the case at bar. In the Weathersby case the newly-discovered evidence consisted of an eyewitness to the killing and his testimony would show that the defendant did not shoot the deceased in the back as was the state's contention. In the Watson case the defendant was convicted upon the testimony of a single witness who was contradicted not only by his own testimony taken on a former trial but by the testimony of other witnesses. In that case the court said that the evidence against the defendant was very weak and doubtful and that it was so overwhelmingly contradicted that the supreme court would be justified in reversing the case on that ground alone.

Argued orally by *A. M. Edwards,* for appellant, and *Rufus Creekmore,* for the state.

Cook, J. Appellant, David Hart, was convicted in the circuit court of Simpson county on a charge of incest, and sentenced to the penitentiary for a period of ten years, and from this sentence prosecutes this appeal.

The testimony offered on behalf of the state, if believed, establishes the guilt of the appellant. Appellant vigorously asserts his innocence of the charge, and it was peculiarly the province of the jury to pass upon this contested issue of fact.

There are three assignments of error; the first being based upon the exclusion of the testimony of two wit-

nesses. One of these witnesses proposed to testify that she heard the wife of appellant say their daughters would never marry unless they got rid of the appellant, and that these girls could get lots of car rides if appellant would let them go. The other witness proposed to testify that the wife of appellant stated to her that she wanted the witness' husband to come off of the appellant's bond for the reason that no one else would go on it and that he would then have to go to jail. This testimony was properly excluded. The appellant's wife was not a witness in the case whose testimony might be impeached or discredited, and there was, at that stage of the trial, no theory upon which this testimony was admissible.

Appellant also assigns as error the refusal of the instruction reading as follows:

"The court charges the jury for the defendant that he had the moral and legal right to control his home and to correct his minor children in a reasonable way, and to the extent of inflicting corporal punishment upon them in order to bring them under such control. The court further instructs the jury that, if you believe from the evidence in this case that the said Anna May Hart has testified falsely against the defendant, or if there is a reasonable doubt as to whether or not she has on the account of the said corporal punishment or for any other cause, then in this event it is your sworn duty to find the defendant not guilty."

The refusal of this instruction presents no reversible error. In addition to the fact that this instruction is faulty for the reason that it singles out and points the finger of suspicion at the complaining witness by name, the appellant procured an instruction informing the jury that, if they believed any witness or witnesses in the case had willfully, knowingly, or corruptly testified falsely to any material fact, then they might discard the entire testimony of such witness or witnesses.

The third and last assignment of error is based upon the refusal of the court below to set aside the verdict and

grant a new trial on the ground of newly-discovered evi-dence. This motion for a new trial was supported by affidavits and the testimony of two witnesses to the effect that they heard Anna May Hart, the complaining wit-ness, say, after the preliminary trial in the justice of the peace court, that her father was not guilty of the charge, and that her mother was the cause of her testifying against him. This newly-discovered testimony merely tended to impeach the credibility of the state's witness, and it is the settled rule in this state that a new trial will not be granted on the ground of newly-discovered evi-dence, the only effect of which is to impeach the credi-bility of a witness. *Cooper* v. *State,* 53 Miss. 393; *Moore* v. *Railroad Co.,* 59 Miss. 243; *Demarco* v. *State,* 59 Miss. 355; *Bailey* v. *State,* 94 Miss. 864, 48 So. 227, 20 L. R. A. (N. S.) 409; *Tuberville* v. *State* (Miss.), 38 So. 333; *Campbell* v. *State,* 123 Miss. 713, 86 So. 513.

The judgment of the court below will be affirmed.

*Affirmed.*