WILLIAMSON *v.* STATE.

(Division B. Oct. 3, 1933.)

[149 So. 795. No. 30750.]

**Frank M. Williams,** of Moselle, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Jones county of the crime of robbery, and sentenced to the penitentiary for a term of fifteen years. From that judgment he prosecutes this appeal.

Appellant contends that the indictment was void; that it charged no offense, because the word "by" was left out of the indictment between the words "and" and "means" in the phrase, "from the person and against the will of the said Richard Blackledge and means of said felonious assault made upon the said Richard Blackledge with said deadly weapon then and there, etc." The indictment was not void. The omission of the word "by" was a mere clerical error. Not only the skilled lawyer but the ordinary layman in reading the indictment would naturally supply the word "by;" he would see at once that it belonged between the words "and" and "means." The indictment was not demurred to. The omission of the word "by" was an amendable defect under section 1206 of the Code of 1930. Appellant cannot complain of such a defect after verdict. Neilsen v. State, 149 Miss. 223, 115 So. 429; Sullivan v. State, 150 Miss. 542, 117 So. 374; Winston v. State, 127 Miss. 477, 90 So. 177.

Appellant assigns and argues as error the giving of the following instruction for the state: "The court instructs the jury that unless you should fix the punishment of the defendant at death, if you should find him guilty, then the form of your verdict may be 'We, the jury, find the defendant guilty as charged,' using a different sheet of paper upon which to write your verdict." The charge against the defendant was brought under chapter 328 of the Laws of 1932, the statute that authorizes the death penalty in certain cases of robbery with firearms. The statute expressly provides that the death

penalty can be inflicted only when the jury fixes it in their verdict. If the jury return a verdict of guilty and fail to fix the punishment of death, they simply return a verdict of guilty as charged, and then, under the statute, the punishment is fixed by the judge, not to be less than three years in the state penitentiary. The instruction is therefore faultless. It is exactly in accordance with the statute.

Appellant entered a motion for a new trial on the ground of newly discovered evidence. The evidence, it is true, was very material but only went to the impeachment of witnesses for the state, Blackledge and Holifield. Such evidence is not good ground for a new trial. There was no error in overruling appellant's motion. Bailey v. State, 94 Miss. 863, 48 So. 227, 20 L. R. A. (N. S.) 409; Smith v. State, 102 Miss. 330, 59 So. 96; Campbell v. State, 123 Miss. 713, 86 So. 513; Hart v. State, 149 Miss. 817, 115 So. 887; Steward v. State, 154 Miss. 858, 123 So. 891.

Affirmed.