BOYD v. STATE.

(In Banc. November 10, 1947.)

[32 So. (2d) 452.   No. 36430.]

510

Eugene Thompson and W. C. Gee, both of Marks, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The appellant, Walter Lee Boyd, was indicted jointly with Clarence Dampier for the robbery of Mr. W. W. Shannon of his money, watch, and automobile, by putting their victim in great fear of the loss of his life, because of the exhibition and use by them of pistols, one of which deadly weapons was held by Boyd, according to his confession, while the robbery was being carried out. They

were tried separately and each of them was sentenced to death. The case of the said Clarence Dampier was affirmed on appeal here on June 9, 1947, and is reported in (Miss.), 31 So. (2d) 115. The cases are, of course, substantially the same in most every essential feature, including the voluntary confession on the part of each as to his participation in the crime.

In the instant case the defendant testified in his own behalf and freely admitted that he took part in the robbery, and that in the main he made the several confessions testified to by the officers. He contended, however, as a witness at the trial that he asked his co-defendant not to beat up their victim with his pistol, before they left him severely wounded, whereas his alleged confession disclosed that he was asked by his co-defendant as to whether he should knock him in the head and that he gave his assent thereto.

The assignment of error here does not challenge the sufficiency of the evidence to sustain the appellant's conviction. The two points urged as grounds for a reversal of the case are: (1) that the trial court erred in sustaining an objection made by Dampier's attorney to his being used as a witness for the accused then on trial; and (2) that the court erred in granting the instruction to the State which informed the jury as to what punishment the court could give the defendant in the event that the jury should fail to fix the punishment at death.

The objection to the co-defendant Dampier testifying was based on the ground that the testimony might tend to incriminate the said co-defendant, since his case had not then been tried. But we do not think the action of the trial court was error in that regard, for the reason that although the attorney for the appellant stated to the court that he did not intend to ask the co-defendant Dampier about any matter that would incriminate him, it was not stated into the record as to what he did propose to prove by him, so that the court could determine whether or not his answers to the questions might incriminate

him. Nor did the court have an opportunity to pass on the materiality of the proposed testimony, even though not incriminating.

As to the second assignment of error, the court instructed the jury for the State that in the event they found the defendant guilty, the form of their verdict might be in either of the following forms:

"1. We, the jury find the defendant Walter Lee Boyd, guilty as charged and fix his punishment at death. If this be the verdict of the Jury the Court will sentence the defendant to death in the manner and form prescribed by law."

"2. We, the Jury, find the Defendant, Walter Lee Boyd, guilty as charged. If this be the verdict of the Jury the Court will sentence the Defendant to the State Penitentiary for any term not less than three years."

As heretofore stated, the complaint as to the second form of the verdict above set forth is that it informed the jury that if it should fail to fix the punishment of the defendant at death, the court could give a sentence as small as three years in the state penitentiary. That except for this instruction, the jury may have been of the opinion that if it failed to fix the penalty at death, the court would have to give him a life sentence. It is therefore contended that the instruction as to the wide latitude given the trial judge in regard to the extent of the punishment in the event the jury failed to fix the same at death, was prejudicial to the defendant and resulted in the fixation of the extreme penalty to prevent any liklihood of the court giving a sentence for a term of years as few as three. And it is true that in the case of Williamson v. State, 167 Miss. 783, 149 So. 795, the Court expressly approved an instruction in a similar case which informed the jury that unless it fixed the punishment of the defendant at death, if they should find him guilty, that the form of their verdict might be "We, the jury, find the defendant guilty as charged," and the Court commented that

such an instruction was faultless; that "it is exactly in accordance with the statute."

However, the instruction as written in the case at bar has not heretofore been condemned, and we are of the opinion that under all the facts of this case, the same does not constitute reversible error. The statute, Section 2367, Code 1942, after providing that upon conviction of a defendant for robbery with firearms, he "shall be punished by death if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years." However, a minority of the judges, including the writer of this opinion, do not think that it is proper to instruct the jury as to what the trial judge will do if they do not fix the penalty at death, for the reason that there may be cases which arise under this statute where a jury would fix the death penalty with considerable reluctance, and where they would not do so at all if they were not instructed as to how short a term of years the trial judge is authorized to impose in the event of their failure to fix the penalty at death; hence it is thought by such judges that the same reasons which exist for not instructing the jury as to the penalty for manslaughter, and in many other cases, should govern as to the penalty which a trial judge may impose under the statute here involved.

From the foregoing views it follows that the judgment and sentence of the trial court must be affirmed, and Thursday, December 18, 1947, is hereby set as the date for the execution of the death sentence.

Affirmed.