YARRUT, Judge.
This is an appeal from the judgment of the district court in favor of Defendant and dismissing Plaintiff’s suit after trial on the merits.
Plaintiff filed a direct action against Defendant as the liability insurer of R, *688 Guercio & Son, Inc., owner of the premises where Plaintiff was employed and injured. Plaintiff, age 56, was injured while employed by Fred E. Berthelson, Inc. as a laborer at 63 French Market Place, New Orleans. His employer rented second and first-floor space from R. Guercio & Son, Inc., the owner.
Plaintiff claims that, while so engaged, he was injured when a wooden display stand, installed by R. Guercio & Sons, Inc., collapsed from vices and decay therein, causing him to fall, for which it, as owner and lessor of his employer, is responsible.
Defendant first denied negligence on the part of its insured and then, in the alternative, pled Plaintiff’s contributory negligence: For not maintaining a proper lookout so as to avoid the accident; for being inattentive to his surroundings; for failing to exercise due caution in order to- avoid the accident; and for failing to take cognizance of a condition of the floor of the platform which could cause him injury, but which Defendant specifically denies did exist.
The wood display-stand or racks were used by Plaintiff’s employer to display citrus fruits received and sold in wholesale lots, contained in baskets weighing 35 to 90 pounds each. Plaintiff’s duty was to place and remove the baskets from the stand. Plaintiff contends that, while handling the baskets, he fell and injured himself.
The stand was made and installed by the owner from “dunnage” lumber (slats of wood 2x4 inches) previously used to encase and protect fruit and vegetables against damage while in railroad or truck transit.
There is no doubt that Plaintiff suffered some injury, but the pivotal question here is: What caused Plaintiff to fall, the collapse of the planks in the wooden stands due to inherent vice and decay, or the impact of the weight of the loaded baskets against the wood slats, resulting from his sudden tripping and falling from some other cause, or some intervening act of omission or commission of Plaintiff?
The witnesses for Defendant testified that no complaint of any defect had ever been made by Plaintiff’s employer or by Plaintiff. Plaintiff was uncertain as to what caused his fall.
Mr. Guercio, for Defendant, testified that, when advised of Plaintiff’s injury, he promptly repaired the damage to avoid further injury, which was not due to any vice or defect in the wooden stands; that the display stands were built over the concrete floor five years before to provide circulation of air for the fruit, as required by the Board of Health and to permit employees handling the baskets of fruit to walk while handling them.
Since Plaintiff offered no evidence to show the collapse was due to some vice or defect in the display stand, we can only conclude that the trial judge, in dismissing Plaintiff’s suit, must have concluded that Plaintiff stumbled, tripped and fell with the weighty fruit he was carrying, and in so doing, broke a slat in the stand, the breaking resulting from his fall, rather than his fall resulting from the break caused by any defect in the stands.
Plaintiff received workmen’s compensation from his employer, whose insurer intervened to recover the compensation paid in the event Plaintiff recovered from Defendant.
Fred Berthelson, president of Plaintiff’s employer, testified he was in the fruit and produce brokerage business for 21 years and, at the time of the accident, had occupied the premises for about three years, the upstairs for an office, and the first floor for display and sale of fruit during the orange season, which lasted only for five months, from November to March. He denied any agreement to make repairs, but admitted his lease with Guercio was a verbal understanding. He testified that Plaintiff was employed off-and-on for five years, as a laborer, to load and unload crates of fruit and oranges; that he occupied the first floor jointly with Mr. Guercio’s firm which was engaged in similar business, but *689 without any partition dividing them. Mr. Berthelson specifically testified he was thoroughly satisfied with the premises and found no defect therein.
Mr. Berthelson also testified that, when Plaintiff first told him of his fall and injury, he did not tell him that the rack broke, merely that he fell.
Plaintiff was not the ignorant and inexperienced man that counsel seems to imply here. He went to the seventh grade in school; said he was once an overseer in a cotton mill; worked for a furniture store transporting household goods, stoves and furniture, and pedaled fruits and vegetables in a truck. Plaintiff was contradictory in the deposition he gave before the trial and in his testimony during the trial. He testified that, after he was injured, he went home in a public service bus, but later during the trial, said he phoned for and went home in a taxicab because he wasn’t feeling well. When questioned about the testimony of Dr. Welch that he told the doctor he slipped and fell, but said nothing about a board having broken under him, Plaintiff answered he could not remember what he told Dr. Welch because he was suffering too much at the time.
Counsel for Flaintiff stresses in his brief that articles 670 and 2322 of the LSA-Civil Code apply to the facts of the instant case. These articles read as follows:
Article 670—“Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers (passers-by), under the penalty of all losses and damages, which may result from the neglect of the owner in that respect.”
Article 2322—“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the re-suit of a vice in its original construction.”
A mere reading of these articles reveals that they apply to the ruin of buildings. Counsel for Plaintiff has failed to make the distinction which is so succinctly made in 36 Tulane Law Review, 157-58:
“Under Louisiana doctrine it is necessary to distinguish between injuries that result from the ruinous condition of a building (in which case articles 670 and 2322 of the Louisiana Civil Code are controlling)', and injuries suffered on the premises that result from some other cause, such as defendant’s activities on the premises or his negligence (in which cases the relevant articles are 2315 and 2316).”
That articles 670 and 2322 govern fact situations in which ruin of buildings proper is involved, is also noted by this court in Guidry v. Hamlin, La.App., 188 So. 662.
We must hold, therefore, that Plaintiff has not sustained the burden of proving his fall was due to any vice or decay in the stand due to the failure of the owner and lessor of his employer (Defendant’s insured) to keep the same in sound condition.
The burden rests upon any tenant or third person to prove by a preponderance of evidence that his injury was due to a vice or decay in the premises, and not to his own intervening act.
Sabin v. C. & L. Development Corp., La. App., 141 So.2d 482; Norwood v. Maranto, La.App., 32 So.2d 452; Burch v. Mathson, La.App., 26 So.2d 230.
The judgment of the district court is affirmed and Plaintiff relieved of payment of any costs in view of the fact that he was permitted to file and prosecute this suit in forma pauperis.
Affirmed.