INZER, Justice:
Appellant, Elbert Ray Hutchins, was indicted, tried and convicted on a charge of armed robbery in the Circuit Court for the *513 First Judicial District of Hinds County. As a result of his conviction he was sentenced to serve a term of five years in the state penitentiary. From this conviction and sentence he appeals to this Court.
The evidence in this case is sufficient to show that on or about 3 a. m. on April 19, 1966, appellant, hereinafter referred to as Hutchins, went to the Lawrence Hotel in the city of Jackson. When he entered the hotel, Robert W. Shivers, manager of the hotel, and John Baker were in the lobby. Shivers was sitting in a chair asleep.
Baker testified that Hutchins came in with a gun in his hand and said to him, “See this ? I come in here to kill Robert Shivers. Now, do you want to be first or do you want to go up the steps?” Baker went up the steps.
He stopped at the top of the steps, out of sight, and heard Hutchins say, “Take everything out of your pocket and lay it right there.” After Hutchins left, Baker went back downstairs and found Shivers with cuts and bruises which necessitated his being taken to the hospital later that night.
Shivers testified that he saw Hutchins after he entered the hotel. He had been asleep, but woke up when he heard Hutchins talking to Baker. He had known Hutchins about two years prior to this occasion.
After Hutchins told Baker to go up the stairs, Hutchins came over with a pistol in his hand to where Shivers was sitting. Shivers said that Hutchins hit him twice on the left side of the head, and when he tried to get away he said, “Give me your money.” Shivers pulled out five one dollar bills which he had in his pocket and gave them to Hutchins. Hutchins hit him again and said, “Give me your billfold,” and before he could get it out of his pocket, Hutchins reached over and pulled it out of his pocket. Hutchins then hit him a fourth time, breaking the pistol into two parts. Hutchins ran, carrying the money and the billfold with him, but leaving part of the pistol barrel on the floor.
Shivers had a ten dollar bill and two five dollar bills in the billfold when it was taken from him. Fie called the police and reported the incident.
Detective Tullos went to the hotel and investigated the report. He found a barrel and a cylinder of the .22 caliber revolver on the floor together with six long rifle cartridges. Police Officers Taylor and Fondren were on duty near the hotel, and they received a report over the radio that Hutch-ins was wanted for robbery at the Lawrence Hotel. It was reported that Flutchins had left the hotel in an Oldsmobile.
The officers knew where Hutchins lived, and they proceeded to that place. In about 15 or 20 minutes a car in which Hutchins was riding drove up in front of the house. A man named Withers was driving the car. The officers arrested them and searched both of them and the car. Hutchins had a billfold in his shirt pocket, which was taken. It contained no money, but did have some papers which belonged to Shivers.
After Hutchins was arrested, he was carried back to the hotel, where he was identified by Shivers as the man who robbed him.
Appellant’s only assignment of error is that the trial court was in error in granting the following instruction at the request of the state:
The Court instructs the Jury for the State that if you believe from the evidence in this case, beyond a reasonable doubt, that the Defendant is guilty of the crime of Armed Robbery as charged in the indictment, then under the laws of the State of Mississippi, the defendant may be given death as provided by law, and you may return the following verdict :
“We, the Jury, find the defendant gfuilty as charged in the indictment.”
If the verdict of the Jury should be in this form, the Court will sentence the defendant to suffer death as provided by law.
*514 The Court further instructs the Jury, however that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant is guilty as charged in the indictment, but cannot agree upon his punishment, you should not on that account withhold your verdict, but should certify to the Court the following verdict, to-wit:
“We, the Jury, find the defendant guilty as charged in the indictment, but cannot agree upon his punishment,”
whereupon the Court will direct that the defendant be imprisoned in the State Penitentiary for any term not less than three years.
The jury, after considering the evidence, returned to the court the following verdict:
We, the Jury, find the defendant guilty as charged in the indictment, but cannot agree upon his punishment.
The circuit judge then imposed the sentence of five years.
Appellant urges that this instruction is erroneous and prejudicial in that it is not in conformity with the statute and that it ordered the jury to vote on punishment, when that should have been left entirely to the court; further, that the instruction was confusing to the jury and completely different in all respects from the wording of the statute.
The statute in question is Mississippi Code Annotated section 2367 (1956), which reads as follows:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be punished by .death if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years.
The passage of this Act shall not be held to repeal any existing criminal statute of the state.
It is apparent that the form of this instruction is not in conformity with the statute. The statute authorizes the infliction of the death penalty only in the event it is so fixed by the jury. Although this instruction is erroneous in this respect, we are unable to see how it is prejudicial to appellant. If the jury had desired to impose the death penalty and had followed the instruction and found the defendant guilty as charged, the circuit court could not have lawfully imposed the death sentence. Actually the error in the instruction in this respect was favorable to appellant.
The instruction is also erroneous in that it is so worded that it required the jury to vote on punishment. In other words, it required the jury to either impose the death penalty or disagree as to the punishment before it could return a verdict of guilty. It should be pointed out that it would be safer procedure for attorneys prosecuting for the state not to request, and for the trial court to refuse to grant, an instruction under this statute which attempts to inform the jury as to what the trial court will do if the jury does not fix the punishment at death. Boyd v. State, 202 Miss. 509, 32 So.2d 452 (1947); Williamson v. State, 167 Miss. 783, 149 So. 795 (1933).
Although this instruction as to the form of the verdict is erroneous, the evidence in this case is overwhelming as to the guilt of the appellant. A jury composed of reasonable men in search of the truth could not have reached any other verdict based on the evidence in this case. Furthermore, the other instruction granted the State, and the instruction granted the defendant, correctly instructed the jury as to *515 the law. We are of the opinion that under the facts of this case the granting of this instruction was not reversible error, and that this case should be affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, BRADY and ROBERTSON, JJ., concur.