LAMBERT OVERTON *v.* STATE.

[58 South. 219.]

1. CRIMINAL LAW. *Appeal and error. New trial. Supporting affidavits.
   Newly discovered evidence. Instructions. Filed.*

   An instruction not marked "filed" by the clerk of the lower court
   does not become a part of the record on appeal to the supreme
   court, and the court cannot say whether or not such instruction
   announced correctly the law applicable to the case, the same
   not being before the court.

2. NEW TRIAL. *Newly discovered evidence. Impeachment. Appellant.*

   A motion for a new trial on account of newly discovered evidence
   was properly overruled where the affidavit accompanying such
   motion was not signed by the defendant and by only two of his
   four attorneys and the newly discovered evidence merely tended
   to impeach the credibility of the witnesses and was merely
   negative in its character.

APPEAL from the circuit court of Lauderdale county.
HON. JNO. L. BUCKLEY, Judge.

Lambert Overton was convicted of murder and ap-
peals.

The facts are fully stated in the opinion of the court.

*McBeath & Miller,* for appellant.

While the assignment of error contained ten grounds,
we shall rely upon only two for the reversal of this
case.

First, the court refused to consider more than twelve instructions for the defendant,· giving as a sole reason that the instructions presented were a greater ·number than twelve. Among the instructions asked for was one that the jury was the sole judge of the evidence. But the court stated that, while this was the law, he gave as the reason for refusal that he had already given twelve instructions and he would not consider any more.

In the matter of involving the life and liberty of an accused we submit that any such arbitrary ruling is unwarranted and illegal. Notwithstanding the fact that the circumstances might be such that for a counsel to properly place his case before the jury, that it would require more than twelve instructions. Yet the court in total disregard of appellant's rights refused to· instruct the jury as to the law.

"We recognize that trial courts have a right to regulate the mode of procedure in their courts, but we do not believe until sanctioned by this court that a trial judge in a case involving the liberty of an accused has a right to arbitrarily say that, When you have asked twelve instructions I will not consider any more."

In the second place this case should be reversed because the learned judge refused to grant a new trial on account of newly discovered testimony.

The rule laid down by all courts for the granting of a new trial on account of newly discovered evidence, is about the same, and is clearly stated in the case of *Gilbert et al.* v. *State,* 55 So. (Fla.) 464, in which it is held that new trials will be granted only under the following restrictions.

First. The evidence must have been discovered since the former trial.

Second. The party must have used diligence to procure it on former trial.

Third. It must be material to the issue.

Fourth. It must go to the merits of the cause and not merely to impeach the character of a witness.

Fifth. It must not merely be cumulative.

Sixth. It must be such as ought to produce on another trial an opposite result.

We submit that the instant case comes under those restrictions.

No one but a mind reader could have known in advance of the trial that witnesses, whose names did not appear on the indictment and whom we contend were not present at the difficulty, would swear that they saw the difficulty that resulted in Hardy's death.

That the evidence is material to the issue needs no argument. Five witnesses swear that the state witnesses, upon whose evidence appellant was convicted, did not see the difficulty. This is not only material but if the jury should believe them, the verdict would have been one of acquittal.

The newly discovered evidence goes directly to the merits of the case and is no attempt to impeach the state witnesses, but is a direct and flat contradiction of their testimony.

The newly discovered evidence is not cumulative. There was no evidence introduced by the defendant to show that the state witnesses Allan Hardy and Derby Hardy were not present. In the case of *Williams* v. *State,* 54 So. (Miss.) 857, this distinction is made between cumulative and corroborative testimony. And in this case Judge Anderson says:

"It is undoubtedly the rule that courts will grant with great reluctance new trials founded on newly discovered evidence; especially when such evidence is merely cumulative or which simply tends to impeach the testimony of one or more witnesses who have testified; but where the newly discovered evidence is corroborative, the rule is not enforced with the same strictness as when it is merely cumulative."

In the case of *Railway Co.* v. *Crayton,* 69 Miss. 152, 12 So. 271, the distinction between corroborative and cumulative evidence is clearly stated.

In *Barrentine* v. *State,* 51 So. (Miss.) 275, Judge Smith says: "Appellant's newly discovered evidence was material and vital to his defense, and its existence was unknown and unsuspected by him or by his counsel until after the trial in the court below. His motion for a new trial, therefore, ought to have been sustained.

*W. W. Venable,* district attorney Tenth district, for appellee.

In the first place, the record does not disclose what instructions were asked and refused on the ground that they constituted a greater number than twelve and in fact the record is silent upon the question of instructions, other than those set forth as being given or refused with the exception of a recitation in the bill of exceptions that the court refused to consider certain instructions on the ground that twelve had already been granted, and that it was a rule to grant only twelve. The record fails to show that appellant presented these instructions and had them marked "refused" and "filed;" they do not appear in the record and have not been made a part thereof and, even if it be, which we do not admit, that the court arbitrarily refused to mark them in any manner or to consider them in any wise, it was still the duty of appellant to make them a part of the record by his bill of exceptions, in order that this court might be enabled to say whether or not the appellant was in any wise prejudiced by their refusal.

The record shows what instructions were asked, which ones were granted and which were refused. If any others were requested by defendant in the court below and were denied consideration on the ground alleged, still the defendant did not have them filed by the clerk and they have never been made a part of the record and their refusal or failure to receive consideration will not be noticed on appeal. *Peden* v. *State,* 61 Miss. 267; *Middleton* v. *State,* 52 So. 258; *Bank* v. *Goff,* 12 So. 699; *Filed*

v. *Weir*, 28 Miss. 56; *Shelby* v. *Brown*, 24 So. 531; *Morton* v. *State*, 12 So. 829.

The very question was presented before in this state and it was so decided. *Tuberville* v. *State*, 38 So. 333. This case discloses that "defendants made a motion for a new trial and filed affidavits alleging that they were present when the difficulty occurred, and that the witness Wall was not there, where he testified he was. They filed in support of the motion an affidavit of one of the counsel for the defense that due diligence had been exercised, and they had no information before the trial that these witnesses would testify as set out in their affidavit." The motion for new trial was overruled and defendants appealed and assigned as error the judgment of the court below in denying the motion. This court in response to this assignment says:

"The court properly refused to set aside the verdict and grant a new trial. The newly discovered evidence merely tended to impeach the credibility of one of the state witnesses and was negative in its character; and, moreover, the affidavit showing diligence was not signed by one of defendants' attorneys of record."

A conviction will not be set aside and a new trial granted because of newly discovered evidence to impeach a witness. *DeMarco* v. *State*, 59 Miss. 355; *Bailey* v. *State*, 94 Miss. 863; *Williams* v. *State*, 54 So. 857.

SMITH, J., delivered the opinion of the court.

Appellant, having been convicted of the crime of murder and sentenced to the penitentiary for life, appeals to this court.

He complains, first, that after he had been granted twelve instructions by the court below, the court refused to grant him "any further instructions, for the reason that it was the rule of the court to limit the instructions to twelve." He failed to have his refused instructions marked "Filed" by the clerk; consequently

they never became a part of, and do not appear in, the record. Conceding, but not deciding, that the court should not arbitrarily limit the number of instructions to twelve, before it can be said that an instruction was erroneously refused by the court, it must appear that it correctly announces the law applicable to the case. This we cannot ascertain, unless the instruction itself is before us. This assignment, therefore, is without merit.

None of the witnesses whose names appear on the back of the indictment were introduced by the state; his guilt being proved by other witnesses. In his motion for a new trial, appellant alleges that he has discovered testimony, unknown to him before, by which he will be able to show that the two witnesses by whom the state's case was proven were not present at the difficulty which resulted in the death of deceased. He filed with this motion the affidavits of several witnesses, who state that they were present at the difficulty and that the state's witnesses were not there. This motion was by the court properly overruled. The newly discovered testimony merely tended to impeach the credibility of the witnesses, and was merely negative in its character; and, moreover, the affidavit showing diligence was not signed by appellant, and was signed by only two of his four attorneys. *Tuberville* v. *State,* 38 South. 333.

*Affirmed.*