## LUCIUS BROWN v. STATE.

[60 South. 726.]

CRIMINAL LAW. *Appeal. Findings of jury. Reversal.*

> Where there is a conflict in the evidence on the trial of a case,
> it is peculiarly a question for the decision of a jury, and though
> it may be conceded that the appellate court, sitting as a jury
> would have rendered a different verdict, this affords no reason
> for a reversal of the case.

APPEAL from the circuit court of Marshall county.
HON. H. K. MAHON, Judge.

Lucius Brown was convicted of manslaughter and ap-
peals.

The facts are sufficiently stated in the opinion of the
court.

*D. M. Featherston,* attorney for appellant.

*Geo. H. Ethridge,* assistant attorney-general, for
state.

COOK, J., delivered the opinion of the court.

Appellant was convicted of the crime of manslaughter
and sentenced to a term of five years in the penitentiary.
There is nothing before this court save a pure question
of fact. The testimony of appellant's witnesses author-
ized the jury to find him not guilty, while the state's
evidence warranted a verdict of guilty. Strenuous ar-
gument is made here in criticism of the state witnesses,
and no doubt the same criticism was made in the argu-
ment at the trial.

Where there is a conflict in the evidence, it is pecu-
liarly a question for the decision of the jury, and though
it may be conceded that the appellate court, sitting as a

jury, would have rendered a different verdict, this affords no reason, under our system, for reversal. Bearing this in mind, persons convicted of crime by a jury can save much time, expense, and suspense by submitting to the inevitable.

*Affirmed.*