WELLS *v.* STATE.

[72 South. 859.]

CRIMINAL LAW.   *Appeal.   Credibility of witnesses.*

> It was the province of the jury to pass upon the credibility of witnesses and the discrepancies in their testimony given at one trial and then at another.   It is not for the supreme court to say that witnesses were unworthy of belief.

APPEAL from the circuit court of Warren county.
HON. E. L. BRIEN, Judge.
John Wells was convicted and appeals.
The facts are fully stated in the opinion of the court.

*W. E. Mollison,* for appellant.

*Ross Collins,* Attorney-General, for the state.

COOK, P. J., delivered the opinion of the court.

This case has been before us before, and was reversed and remanded for retrial.  70 So. 452.   The same reasons for reversal given by the court before are again urged for a reversal.

The state has repaired its fences, using the same witnesses who testified on the former trial to close up the breaks in the line.  As the record now stands, the identity

of the murderer is established by the dying declaration of the murdered man, supplemented by the testimony of other witnesses who also testified at the former trial, who put up the gaps in their testimony. The defendant shifted his base a little too. From the record now before us we think the jury was warranted in finding the appellant guilty.

It was peculiarly the province of the jury to pass upon the credibility of the witnesses and the discrepancies in their testimony given on the former trial and their testimony in the present trial.

It is not for us to say that the witnesses were unworthy of belief. We find no errors of law, and the judgment of the trial court will be affirmed.

*Affirmed.*