CHANDLER *v.* STATE.[*]

(Division B.   June 7, 1926.)

[108 So. 724.   No. 25543.]

1. CRIMINAL LAW.  *Indictment and information.  To question legality of indictment for matters not appearing on its face, motion to quash it must be filed in circuit court; Supreme Court will not look to another case, in which point was made that indictment was invalid because of matters not appearing on face thereof by motion to quash, to determine any fact not appearing in particular case under review, although other case may have adjudged grand jury to have been illegally drawn.*

In order to question the legality of an indictment for matters not appearing on the face thereof, it is necessary to file a motion to quash the indictment in the circuit court.  This court will not look to another case, in which such point was made by such motion, to determine any fact not appearing in the particular case under review, although such other case may have adjudged the grand jury to have been illegally drawn.

2. CRIMINAL LAW.  *Intoxicating liquors.  If state's evidence sustains conviction, Supreme Court will not reverse case because of insufficiency of evidence, although defendant's evidence might preponderate by number of witnesses; evidence held to sustain conviction for attempt to manufacture intoxicating liquor.*

Where there is evidence for the state sufficient to sustain a conviction, this court will not reverse a conviction on the ground of insufficiency of evidence, although the evidence for the defendant might preponderate by number of witnesses.

3. CRIMINAL LAW.  *Supreme Court will not reverse conviction for attempt to commit crime for refusal of instruction to find defend-*

*ant not guilty, unless jury believes certain hypotheses, omitting
hypothesis of attempt (Hemingway's Code, section 1257 [Code
1906, section 1499]).*

Under section 1257, Hemingway's Code (section 1499, Code of
1906), providing that on an indictment for any offense the jury
may find the defendant guilty of the offense as charged, or of any
attempt to commit the said offense, the court will not reverse the
trial court for refusing an instruction telling the jury on behalf
of the defendant that it will find them not guilty, unless they
believe certain hypotheses which omit the hypothesis of attempt
where there is a conviction of the attempt.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1048, n. 66;
17CJ, p. 206, n. 47 New; p. 269, n. 2; Indictments and Informations,
31CJ, p. 802, n. 70 New; Intoxicating Liquors, 33CJ, p. 758, n. 80.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Marshall Chandler was convicted of attempting to
manufacture intoxicating liquors, and he appeals. Affirmed.

*W. T. Weir,* for appellant.

Defendant was tried by the circuit court on a void indictment. The supreme court has already held in the
case of *Bill Ellis* v. *State,* 107 So. 757, that this grand
jury was illegally drawn and we submit that in order to
give the court jurisdiction the defendant must be before
the court by virtue of a *capias* under a valid indictment;
and, therefore, this case ought to be reversed.

The court erred in refusing to give the instruction
sought. There was no evidence that any whiskey was
manufactured by any one and the crime was not proved.
In fact, the very witnesses for the state show that there
was no whiskey made or distilled. It was highly prejudicial to give an instruction authorizing the jury to find
him guilty of attempt. Now if the proof had shown that
the defendant committed some overt act towards the

commission of the crime, there might have been some grounds for refusing the instruction asked for, but inasmuch as no one could say what the act was, or what he did, there was no proof showing any act.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state,

I.   Appellant contends that the indictment in this case is void, citing *Ellis* v. *State,* 107 So. 757.   The indictment in this case is good and valid on its face.   There is nothing in the record to show the contrary.   The law presumes that it is good and that it was returned by a legal grand jury.   There is nothing in the record to the contrary.   The Ellis case was decided by the facts in the record of that case.   That record is no part of the record in the instant case and it cannot be used to supply the facts necessary to show that the grand jury was not a legal one.

There was no motion to quash the jury; there was no motion to quash the indictment.   There is nothing in this record to show that there was any irregularity in the grand jury or in selecting the various members thereof who returned this indictment.

II.   Section 1257, Hemingway's Code, provides that "on an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense . . . without any additional count in the indictment."

The testimony in this case shows conclusively that the offense charged by the indictment was not completed, but it also shows conclusively that an attempt by appellant and others had been made to commit the crime charged.   The only instruction requested by the state authorized the jury to find the defendant guilty of an attempt to commit the crime charged in the indictment. This instruction was authorized by said section 1257.

III.   The officers testified that appellant and two others were working at the still; that they could see all three of them at work, but they could not name one specific act and name the man who did this act, because they did not know the men personally and because of the distance and the condition of the territory they were in; but they could tell that the defendant as well as the others was busily engaged in and about the still.   The defendant admitted that he was there; admitted that his gun was left at the still by him.   There can be no doubt but an attempt to make liquor was committed.   The still was complete, the boiler filled with mash, the fire made and several barrels of beer ready to run.   The completion of this crime was prevented by the appearance of the officers and the arrest of the parties.   See *Powell* v. *State,* 128 Miss. 107.

It was not error to refuse the instruction sought because it was not supported by the evidence.   The evidence showed that a crime had not been completed, but that an attempt to commit the crime had been made and for this reason the instruction was erroneous.   The defendant was not found guilty as charged.   The error, if any, was harmless.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was indicted for manufacturing intoxicating liquors and convicted and sentenced for an attempt to manufacture intoxicating liquors.   The indictment was at the April, 1924, term of the circuit court of Leake county, Miss.   It appears from the evidence that J. W. Phillips, the deputy sheriff, with two constables of the county up near where the still was located, discovered certain barrels of mash a few days before making the raid and, judging as to when the run would probably be made from the state of the mash, appointed a day to return and watch so as to catch the person engaged in the business.   On the day fixed they went to the place where

the mash was and watched for several hours and decided that no one was coming and poured the mash out and started to return and noticed smoke coming from a pine thicket over the hill, and they went to the top of the hill, and there they could see a still being operated, at which the appellant and two other parties were engaged in operations around the still. One of the officers desiring a better view raised up to get a better view, and some of the parties at the still looked in that direction and saw the officer coming and started away from the still down the valley, and were pursued by the officers and were overtaken and arrested. Among the parties arrested was the appellant. They all returned to where the still was, and there the appellant had a gun which he admitted belonged to him, and some one had left a coat. The still was filled with mash, and a fire was under it; but the mash had not reached that stage where the liquor was running, although some liquor was found around the still.

It is first insisted that the indictment found at the April, 1924, term of the circuit court is void, although no question was raised in this record as to the regularity and legality of drawing the grand jury at that term. The appellant seems to rely upon the fact that in the case of *Ellis* v. *State* (Miss.), 107 So. 757, the grand jury was held to have been illegally drawn and that that indictment was found at the same term as this. The indictment appears to be regular upon its face, and no motion to quash was made in this case. Consequently we cannot notice that point here. The court below was not called upon in this case to pass upon the validity of the indictment, and we cannot in this case take cognizance of the facts set up in the Ellis case for the purpose of determining that point. The only way objections can be made to an indictment valid upon its face is by a motion to quash.

It is next insisted that the evidence is insufficient to sustain the conviction. The evidence showed that each

one of the persons present at the still were doing something around the still in the way of work contributing to the operation of the still, although from where they were located they could not see what particular act this appellant did and what particular act the other parties did, but they did see positively that each one of the parties at the still was working around it, and this evidence is sufficient to sustain the conviction.

It is next urged that the court erred in refusing the following instruction requested by the appellant:

"The court instructs the jury for the defendant that the crime charged must be fully proved beyond every reasonable doubt before the defendant can be found guilty, and before you can convict him you must believe from the evidence in this case that: First, that intoxicating liquor was actually made and distilled at the time and place testified about. Second, that the defendant did something or committed some overt act towards the manufacture and distilling of said liquors, and the burden of proving both propositions is on the state, and the state must prove same beyond a reasonable doubt before you can convict, and unless you do believe beyond every reasonable doubt that intoxicating liquors were made and manufactured by this defendant then you should return a verdict of not guilty as charged."

By section 1257, Hemingway's Code (section 1499, Code of 1906), it is provided that—"On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose."

The instruction above set out ignores this statute and was for that reason properly refused.  Furthermore the

instructions given are sufficient to announce the law of the case in our opinion.

The judgment of the court will therefore be affirmed.

*Affirmed.*