STEWARD *v.* STATE.

(Division A.   Oct. 7, 1929.)

[123 So. 891.   No. 28230.]

J. P. and *A. K. Edwards,* of Mendenhall, for appellant.

*Geo. T. Mitchell,* Attorney-General, and *W. A. Shipman,* Assistant Attorney-General, for the state.

McGowen, J., delivered the opinion of the court.

In the circuit court of Simpson county, appellant was indicted, tried, and convicted on a charge of assault and battery with intent to kill and murder Angelo Smith. The court sentenced the appellant to serve a term of seven years in the state penitentiary. He filed a motion for a new trial in the lower court, alleging newly-discovered evidence, the gist of which was that two witnesses would swear that Angelo Smith, the prosecuting witness, had made contradictory statements out of court to them, which statements were to the effect that he did not know who shot him. The motion for a new trial was accompanied by affidavits of the attorneys and the defendant, and the affidavits of the witnesses as to the newly-discovered evidence.

On a starlight night, as Angelo Smith was returning to his home after attending a "box supper," he was shot

just after he had crossed a fence, and he identified positively the appellant as the man who shot him. There were no other witnesses to the crime. The prosecuting witness was positive in affirming that the appellant did the shooting, which was as positively denied by the appellant. There were other witnesses, who testified that the appellant and other negroes were seen near the place where the shooting occurred a short time prior thereto.

First. Appellant assigns as error the action of the court in sustaining an objection as to the evidence offered by Kiley Thames on behalf of the defendant, to the effect that the prosecuting witness Smith had enemies and was not on good terms with other parties than the appellant. Smith, the prosecuting witness, had testified that he had not had "any serious difficulty with any other person," and this rejected testimony could not be said to be in contradiction of the witness, and in addition to that the testimony of Thames was purely hearsay, and for these reasons the court properly excluded the evidence.

Second. Appellant assigns as error the action of the court in allowing the state to show that Smith was shot a second time on a date subsequent to the one laid in the indictment. The appellant had offered proof to the effect that S. T. Steward, a son of the appellant, had told Kiley Thames that they had the wrong man for the shooting, that he did the shooting, and this conversation was subsequent to the last shooting, and Steward did not say to the witness that he was guilty of both, or the crime then on trial. In this state of the record, this case could not be reversed by us.

Third. It is insisted that the evidence as a whole is insufficient to sustain the verdict and judgment. There was a sharp conflict, which was submitted to the jury. "The case is peculiarly for the jury, where evidence is conflicting, and its verdict will not be disturbed, although the appellate court would have rendered a dif-

ferent verdict." *Brown* v. *State,* 103 Miss. 639, 60 So. 726. Also see *Jackson* v. *State,* 105 Miss. 782, 63 So. 269; *Wells* v. *State,* 112 Miss. 76, 72 So. 859; *Spight* v. *State,* 120 Miss. 752, 83 So. 84; *Chandler* v. *State,* 143 Miss. 312, 108 So. 723; *Matthews* v. *State,* 148 Miss. 696, 114 So. 816.

Fourth. It is next urged that the court should have granted a new trial on the ground of the newly-discovered evidence. The affidavits disclose that these witnesses would state that Smith had, in a conversation with them, said that he did not know who shot him. This evidence would simply have impeached the veracity of the witness. The proposed newly-discovered evidence was not substantive in nature. This court is well committed to the doctrine that there is no discretion to grant a new trial on the ground of newly-discovered evidence, when such evidence merely impeaches or discredits an adverse witness who testified at the trial. See *Ennis* v. *Y. & M. V. R. R. Co.,* 118 Miss. 509, 79 So. 73; *Overton* v. *State,* 101 Miss. 607, 58 So. 219; *Smith* v. *State,* 102 Miss. 330, 59 So. 96; *Wilson* v. *State* (Miss.), 97 So. 721; *Campbell* v. *State,* 123 Miss. 713, 86 So. 513.

We find no reversible error in this case.

*Affirmed.*