264 So.2d 828 (1972)
Obie WILSON (a/k/a O.B. Wilson)
v.
STATE of Mississippi.
No. 46876.
Supreme Court of Mississippi.
June 26, 1972.
Bell & McBee, Robert M. Carpenter, Greenwood, for appellant.
A.F. Summer, Atty. Gen., by J.B. Garretty, Special Asst. Atty. Gen., Jackson, for appellee.
*830 SMITH, Justice:
Obie Wilson, also known as O.B. Wilson, was convicted of rape in the Circuit Court of Leflore County. The jury fixed his punishment at life imprisonment in the penitentiary and he was so sentenced. From that conviction and sentence he has appealed to this Court.
At his trial Wilson testified as a witness in his own behalf. He admitted that, on the occasion in question, he had intercourse with the prosecuting witness. He testified, however, that she had consented in consideration of his promise to pay her seven dollars. Wilson also admitted that he and the witness had come to blows and fought but said this had resulted from a controversy over the money. On the other hand, she denied that she had consented and testified that her physical hurts had been inflicted by Wilson in the course of overcoming her resistance and in forcing her to submit to his will. In all essential respects the evidence upon the fundamental question of consent was in irreconcilable conflict. It was for the jury, as the trier of facts, to resolve this and other incidental factual issues.
It is assigned and argued as error that the jury's verdict of guilty returned against Wilson was against the overwhelming weight of the evidence.
There is, as stated, no dispute that Wilson did, in fact, have intercourse with his alleged victim. The fact of intercourse was also supported by unimpeached medical evidence. The testimony given by the prosecutrix is clear and unequivocal that the act was committed by Wilson against her will, had been accomplished by him through the use of overpowering physical force and violence, and that she had resisted to the utmost of her power. Following the incident, she had been taken for examination to a hospital, where it was found that she had sustained numerous bruises on her face and body and a severe bite on the back of her shoulder. Also, the crotch of the slacks which she wore had been torn out. She had been heard to scream for help, and as the result of this her sister had summoned the police. On the arrival of the officers, Wilson fled, and later the same night, had gone to Kansas City from whence he did not return to Mississippi for about six weeks. The direct testimony of the victim, supported by that of her sister, together with the attendant facts and circumstances which tend to corroborate their testimony, sufficiently support the verdict of the jury.
In a criminal prosecution, the jury may accept testimony of some witnesses and reject that of others, it may accept in part and reject in part the testimony of any witness, or it may believe part of the evidence on behalf of the State and part of that for the accused. In other words, the credibility of witnesses is not for the reviewing court. Bond v. State, 249 Miss. 352, 162 So.2d 510 (1964).
It was the function of the jury to pass upon the credibility of the witnesses and to resolve the issues. Since there was ample evidence, which if believed by the jury, justified the verdict, the verdict will not be disturbed on appeal. Murphree v. State, 228 So.2d 599 (Miss. 1969).
The next matter assigned and argued as error is that appellant's counsel was unduly restricted in his examination of a witness touching the victim's general reputation for chastity. The record indicates that the incident alluded to occurred in the course of the trial following a conference between court and counsel at the bench. The fact that counsel approached the bench and conferred with the court is noted in the record but what was said is not reported. However, immediately thereafter, the court announced that there would be no objection to evidence touching the victim's general reputation for chastity. Such evidence is admissible in a case of this kind where the fundamental issue is whether there had been consent. Barnes v. State, 249 So.2d 383 (Miss. 1971).
*831 The witness in the case now before us was asked if he knew the "general reputation for chastity or unchastity" of the victim. He responded that he didn't understand what was meant by the question. Counsel then asked the witness if he understood the word "virtuous." Whereupon the court said to counsel that virtue and chastity were not the same thing. Counsel then asked the witness: "Do you know her general reputation?" to which question the witness replied "Like what?"
At this point the court said: "The court is going to sustain the objection to this witness testifying if he doesn't know the meaning of the terms used." Counsel for appellant replied: "All right, your honor, I have no further questions."
It will be seen that there is nothing whatever in the record to indicate that the witness knew the reputation of the prosecuting witness for chastity or for anything else. Nor was any proof along that line proffered. The matter was simply abandoned and this Court has no means of determining whether the witness knew the reputation of the victim for chastity or not or that he would have said that it was bad if he had known it. We cannot assume, in the complete absence of anything in the record to support such an assumption, that the witness would have said first, that he knew the victim's reputation for chastity, and second, that it was bad. See Joiner v. State, 261 So.2d 791 (Miss. 1972).
Finally, complaint is made that Mississippi Code 1942 Annotated section 2358 (1956), under which appellant was sentenced in this case, is unconstitutional in that life imprisonment for the crime of rape constitutes cruel and unusual punishment.
In Capler v. State, 237 So.2d 445 (Miss. 1970) this Court said:
[W]here a sentence imposed is within limits set by statute, the sentence itself is neither cruel nor unusual punishment... . (237 So.2d at 451).
We adhere to the conclusion reached in Capler, supra, and find no merit in the proposition advanced by appellant.
Since the evidence adduced and submitted to the jury was sufficient to support the verdict of guilty, the sentence was within statutory limits, and no prejudicial error has been shown to have been committed in appellant's trial, the conviction and sentence appealed from must be affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.