278 So.2d 451 (1973)
Rayvon COCHRAN
v.
STATE of Mississippi.
No. 47235.
Supreme Court of Mississippi.
May 28, 1973.
Rehearing Denied June 18, 1973.
Harry L. Kelley, Jackson, Stanford Young, Waynesboro, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Appellant, Rayvon Cochran, was convicted in the Circuit Court of Wayne County, Mississippi, for the murder of Irvin Palmer and sentenced to life imprisonment in the Mississippi State Penitentiary. This conviction was reversed in Cochran v. State, 244 So.2d 22 (Miss. 1971), and upon retrial appellant was convicted of manslaughter and sentenced to serve a term of 16 years in the Mississippi State Penitentiary, less credit for the time spent in jail awaiting trial. From this last conviction, appellant perfects his appeal and assigns as error the following:
(1) The Court erred in refusing defendant's requested instruction number 2.
(2) The Court erred in refusing a preemptory (sic) instruction for appellant.

*452 (3) The Court erred in not granting a new trial as the verdict of the jury was against the over-whelming (sic) weight of the evidence.
In support of his first assignment of error, appellant argues that, since Palmer, the deceased, was younger and stronger than he, he was entitled to the following instruction:
The court instructs the jury for the defendant, Rayvon Cochran, that if you believe from a preponderance of the evidence that the deceased, Irvin Palmer, was much larger and stronger man than the defendant, and was capable of inflicting great and serious bodily harm upon the defendant with his hands or with either, and that the defendant had reason to believe and did believe as a man of ordinary reason that he was then and there in danger of such harm at the hands of the deceased and used a knife with which Rayvon Cochran fatally cut the deceased to protect himself from such harm then the defendant was justified and your verdict will be "Not guilty".
At the time of the homicide appellant weighed 140 pounds, had lost the use of his right hand, and was 43 years of age; the deceased was 23 years of age, weighed approximately 220 pounds and was in good health, but appellant did not claim that deceased threatened to give him a physical beating with his hands and feet, but was defending himself against an attack by Palmer who was armed with a deadly weapon, a knife, and that he received a cut on his leg as a result of the attack by Palmer. Under this testimony appellant was granted the following instructions:
JURY INSTRUCTION #8
The Court instructs the jury for the defendant that the law is that a man assaulted, or about to be assaulted, with a deadly weapon is not required by the law to wait until his adversary is on equal terms with him, but may rightfully anticipate his action and kill him, when to strike in anticipation reasonably appeared to be necessary to self-defense; and, unless the jury are satisfied to a moral certainty and beyond every reasonable doubt that the deceased, at the time of the killing, was not attempting to draw or use a knofe, (sic) then they must find the defendant not guilty.
JURY INSTRUCTION #10
Teh (sic) Court instructs the jury for the defendant the right of self-defense is one of our inalienable rights. Any person assaulted by another has the right to repel the assault with such force as may to him be apparently and reasonably necessary. He should be judged in the light of the surrounding circumstances then apparent to him, rather than in the light of after developed facts.
If you believe from the evidence in this case that the defendant was not the aggressor, and that he was assaulted with threats and physical force by Irvin Palmer, then the law of self-defense is that the defendant then and there had the right to repel such threats and assaults by using all such force as to him was then reasonably and apparently necessary to repel such assault on him and defend himself. If no greater force was under such circumstances then used by defendant, it is your duty to find the defendant not guilty.
Appellant's instruction number 8 presented to the jury his defense that he was repelling an attack by an armed man and instruction number 10 stated his right of self-defense. Instruction number 2 was properly refused under the facts in this case because appellant's defense was that he was being attacked by an armed aggressor. Under such claim, an instruction based on disparity of size and physical condition has no application.
*453 Appellant contends by his second assignment of error that the court erred in refusing his requested peremptory instruction.
The rule in regard to a peremptory instruction is the same in criminal and civil cases, the rule being that when all the evidence on behalf of the State is taken as true, together with all sound or reasonable inferences that may be drawn therefrom, if there is enough to support a verdict of conviction, the peremptory instruction must be denied. Stringer v. State, 279 So.2d 156 (Miss.) (decision rendered May 28, 1973), McLendon v. State, 187 Miss. 247, 191 So. 821 (1939).
The peremptory instruction was properly denied under this rule.
The third and final assignment of error is that the verdict of the jury was against the overwhelming weight of the evidence. The evidence for the State showed that deceased had threatened appellant earlier in the day during a difficulty; that deceased and appellant had been drinking together earlier in the afternoon and evening; that appellant had gone from place to place looking for deceased and after locating deceased shortly before the homicide, told one of his good friends who was a State's witness that he was "going to cut the son-of-a-bitch's guts out"; that immediately prior to the stabbing that resulted in the death of Palmer there was no argument between them until appellant renewed the previous argument; that Palmer suggested they forget about the previous difficulty and offered to buy appellant a beer.
Appellant and his witnesses testified to facts that tended to show that deceased was the aggressor and that appellant was acting in self-defense which, if believed by the jury, would have resulted in his acquittal, but the issues were resolved against him on conflicting evidence.
In Wilson v. State, 264 So.2d 828 (Miss. 1972), this Court stated:
In a criminal prosecution, the jury may accept testimony of some witnesses and reject that of others, it may accept in part and reject in part the testimony of any witness, or it may believe part of the evidence on behalf of the State and part of that for the accused. In other words, the credibility of witnesses is not for the reviewing court. Bond v. State, 249 Miss. 352, 162 So.2d 510 (1964).
It was the function of the jury to pass upon the credibility of the witnesses and to resolve the issues. Since there was ample evidence, which if believed by the jury, justified the verdict, the verdict will not be disturbed on appeal. Murphree v. State, 228 So.2d 599 (Miss. 1969). (264 So.2d at 830).
See also McLelland v. State, 204 So.2d 158 (Miss. 1967); Gangloff v. State, 242 Miss. 168, 134 So.2d 481 (1961); Cobb v. State, 235 Miss. 57, 108 So.2d 719 (1959); Ivey v. State, 206 Miss. 734, 40 So.2d 609 (1949); Hill v. State, 199 Miss. 254, 24 So.2d 737 (1946); Evans v. State, 159 Miss. 561, 132 So. 563 (1931); Steward v. State, 154 Miss. 858, 123 So. 891 (1929).
Since there was ample evidence to sustain the verdict, it will not be disturbed on appeal.
For the reasons stated, this case is affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.