279 So.2d 599 (1973)
Jerry CLANTON
v.
STATE of Mississippi.
No. 47398.
Supreme Court of Mississippi.
June 5, 1973.
*600 J. Luther Austin, Laurel, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Special Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
This is an appeal from the Circuit Court of the Second Judicial District of Jones County, Mississippi, by Jerry Clanton, appellant, who was convicted of selling marijuana and sentenced to 10 years in the Mississippi State Penitentiary.
Appellant first contends that the verdict of the jury was contrary to the overwhelming weight of the evidence and that he should have been granted a directed verdict of acquittal. Danny Collins, a Laurel Policeman, testified that he purchased marijuana from appellant on July 3, 1972. Defendant's defense was an alibi and he and two defense witnesses testified that the defendant was elsewhere playing basketball when the sale of marijuana took place. We find no merit in this contention because the testimony of a single witness, whose testimony is not unreasonable and whose credibility is not successfully impeached, will sustain a conviction although there may be more than one witness testifying in opposition thereto. Spiers v. State, 231 Miss. 307, 94 So.2d 803 (1957), Henderson v. State, 187 Miss. 166, 192 So. 495 (1939).
*601 In a long line of cases we have held that it is the function of the jury, rather than the reviewing court, to pass upon the credibility of the witnesses and resolve the issues. Cochran v. State, 278 So.2d 451 (decision rendered May 28, 1973); Wilson v. State, 264 So.2d 828 (Miss. 1972); McLelland v. State, 204 So.2d 158 (Miss. 1967); Gangloff v. State, 242 Miss. 168, 134 So.2d 481 (1961); Cobb v. State, 235 Miss. 57, 108 So.2d 719 (1959); Ivey v. State, 206 Miss. 734, 40 So.2d 609 (1949); Hill v. State, 199 Miss. 254, 24 So.2d 737 (1946); Evans v. State, 159 Miss. 561, 132 So. 563 (1931); Steward v. State, 154 Miss. 858, 123 So. 891 (1929).
Since there was ample evidence to justify the verdict, the verdict will not be disturbed on appeal.
Appellant argues that the lower court erred in admitting the marijuana into evidence because the state failed to establish, by live witnesses, the continuous possession of the marijuana from the time of its purchase by the police officer until its introduction in evidence.
After the marijuana was purchased, Officer Collins delivered it to Officer Smith of the Laurel Police Department who prepared it for shipment to the Miami Regional Laboratory of the Bureau of Narcotics and Dangerous Drugs for analysis. The marijuana was in a small match box, which was placed inside a cigar box, which in turn was sealed with evidence tape on all four sides with the initials of Officer Smith thereon. The package was then mailed by registered mail.
Charles Clifford Clark testified that he is a chemist employed by the Bureau of Narcotics and Dangerous Drugs in the Miami Regional Laboratory. He received the box which was mailed by the Laurel Police Department, placed his initials on the seals which were unbroken, opened the box, examined it, determined that the substance therein was marijuana, repacked it and sealed it with a tape that is specially formulated so that once it is stuck to a surface it can't be removed without actually tearing the tape and destroying it.
After the box was mailed by the witness Smith no live witnesses who handled it in the United States mail or in the Miami Laboratory were introduced except the witness Clark. He testified that the seals had not been broken on the box when he received it, thus establishing that it was received in the same condition as when mailed by the Laurel Police Department.
Likewise, all persons who handled the box from the time it was mailed in Miami until it was introduced in evidence were not called. It was opened at the trial by the witness Collins and at that time the evidence seal was intact and not torn or mutilated. This was sufficient to show, in the absence of evidence to the contrary, that the contents of the box had not been substituted or tampered with.
The rule is well established that the introduction of demonstrative evidence without requiring preliminary proof of the condition of such evidence from the time of seizure until time of examination by an expert witness and from time of examination by the expert until the introduction in evidence is usually determined within the sound discretion of the trial court, and, unless its judicial discretion has been so abused as to be prejudicial to the defendant, this Court will not reverse the ruling of the trial court. Grady v. State, 274 So.2d 141 (Miss. 1973) and cases cited therein. There was no evidence or reasonable inference that the contents of the box had been tampered with or that the evidence had been substituted. We therefore hold that this contention is without merit.
Appellant next assigns as error that the court allowed the state to continually ask incompetent, irrelevant and prejudicial questions in building up its case against the appellant. This assignment of error deals with questions propounded to Officers Collins and Smith about how Officer *602 Collins was dressed, whether his appearance was deliberate, if he was dressed as he customarily dressed, and if he looked like a police officer when he went to purchase the marijuana. The court sustained objections to these questions, hence no error.
Appellant also objected to a question propounded to Officer Smith as to whether or not he was familiar with the drug situation in the City of Laurel on Howard's corner where the sale of marijuana in question took place. The court sustained an objection to this question. We fail to see how any prejudice resulted toward appellant by this question since his objection was sustained.
Robert Lindsey, one of appellant's witnesses, was questioned about prior convictions which were admitted with the exception of the question about one conviction as follows:
Q September 25th, 1969, weren't you convicted of assault in the City Court?
A No, sir.
Q And spent some time in jail for it?
BY MR. AUSTIN:
If the Court please, we object to all of this.
BY THE COURT:
Sustained to that.
The court sustained appellant's objection because the question of the District Attorney about spending some time in jail for the charge of assault was improper. Appellant did not request the court to instruct the jury to disregard the question and the court did all that the appellant requested. No error resulted from this.
It is proper to impeach a witness by showing previous conviction of "crimes" as authorized by Section 1693 Mississippi Code 1942 Annotated (1956). It is here noted that witnesses may not be impeached for conviction of violating any provision of the Uniform Highway Traffic Regulation Act, Chapter 200, Laws of 1938, as provided by Section 155 of the Act [Section 8280 Mississippi Code 1942 Annotated (1956)].
The last assignment of error is that the sentence of 10 years constitutes cruel and inhuman punishment contrary to Section 28 of the Mississippi Constitution of 1890 and the Eighth Amendment of the Constitution of the United States. We held in Green v. State, 270 So.2d 695 (Miss. 1972) and Capler v. State, 237 So.2d 445 (Miss. 1970), that a sentence within the limits of the statute is not cruel or unusual.
For the reasons stated, this case is affirmed.
Affirmed.
GILLESPIE, C.J., and SMITH, WALKER and BROOM, JJ., concur.