SUGG, Justice:
This is an appeal from the Circuit Court of Jones County. The defendant, Tony Earl McNeil, was convicted of the crime of forcible rape and was sentenced to serve a life term in the Mississippi State Penitentiary.
The record shows that near midnight on September 1, 1971, the victim and her male companion were parked in the victim’s automobile on a dead-end road near a ballpark in Laurel. The couple had been parked for approximately 20 minutes when another automobile, occupied by three black men and two white men, arrived on the scene. The victim testified that four of the occupants of the second automobile, including the defendant, forcibly raped her while restraining her companion at gun point.
The conviction and life sentence of two other participants in the crime have been affirmed by this Court; namely, Kenneth Ray Strickland, a white man, and Charley Albert Bounds, a black man. See Strickland v. State, 269 So.2d 340 (Miss.1972) and Bounds v. State, 271 So.2d 435 (Miss.1973).
The defendant offers five assignments of error, three of which deal with instructions granted to the state. When all the instructions for the state and the defendant are considered as a whole, they properly state the applicable law. There is, therefore, no reversible error on the question of jury instructions. See Church v. State, Miss., 288 So.2d 855 (decided Jan. 21, 1974); Golden v. State, 223 Miss. 649, 78 So.2d 788 (1955); Ivey v. State, 154 Miss. 60, 119 So. 507 (1928).
In his fourth assignment of error appellant contends that he was unduly restricted in presenting his defense because of numerous objections made by the state sustained by the trial court. He specifically argues that his cross-examination of the victim was unduly restricted by the court and that he should have been allowed a wide latitude in cross-examination of the victim. A careful examination of the ruling of the court on the various objections made shows that the defendant was not unduly restricted in cross-examination of the witnesses for the state. We therefore hold this assignment of error is without merit.
The defendant next urges that the jury’s verdict was against the overwhelming weight of the evidence. It is argued that the defendant’s conviction rested solely on the uncorroborated testimony of the victim. The victim’s testimony was corroborated in material particulars by both physical evidence and the testimony of her male companion.
No useful purpose would be served by detailing the evidence in this case because we have repeatedly held that the jury is the sole judge of the credibility of witnesses and the weight and worth of their testimony. Since there was ample evidence to sustain the verdict of the jury, it will not be disturbed on appeal. Polk v. State, 288 So.2d 452 (decided Jan. 14, 1974); Clanton v. State, 279 So.2d 599 (Miss.1973) and Wilson v. State, 264 So.2d 828 (Miss.1972).
Affirmed.
RODGERS, P. J., and PATTERSON, INZER and SMITH, JJ„ concur.