This is an appeal from a conviction and judgment in the Circuit Court of Warren County, Mississippi, wherein appellant, Culley Robinson, was convicted of the crime of bribery of a juror and sentenced to serve a term of five years in the Mississippi State Penitentiary. From that judgment this appeal is taken.
The facts upon which the issues in this cause must be determined, as revealed in the record, disclose that on July 22, 1970, state's prosecuting witness, Genora Hoffman, was at her home in Vicksburg, Warren County, Mississippi. She testified that a man, who was later identified as the appellant, came to her home in the afternoon and advised her that she would be called for jury service. She testified that this man stated that Mr. Vance, his lawyer, was going to be tried and that she had been drawn as a juror and she would be so notified. She testified further that this man, whom she subsequently identified as appellant, stated that he would pay her $200 to vote not guilty for his lawyer. She stated also that he said his name "so low" that she could not hear what his name *Page 399 
was. The record reveals that she did not advise her husband of this bribery offer until after the trial. She stated further that for fifteen to twenty minutes, when they were not more than three or four feet apart, the appellant talked to her urging her to vote not guilty and agreeing to pay her $200 upon her doing so. He advised that the sheriff would notify her that she had been summoned for jury duty and that she would be called to serve on this case. She testified further that he called her each night subsequent to the time that he visited her and on the night after the jury had returned its verdict of guilty. The record discloses that during the trial Culley Robinson telephoned Genora and told her to vote not guilty and that he would deliver the "package" to her just as soon as the trial was over. She testified further that in one of the telephone conversations he advised her that she was being watched, which disturbed her greatly.
The record discloses that subsequent to the initial meeting of the appellant and Genora Hoffman she called the sheriff to find out whether or not she was on the jury list to serve as a juror for the coming week and she ascertained this was so. The record discloses that after eight jurors had been selected, there being no challenge of the voir dire of these jurors or their being qualified to serve, a Mrs. Mallory Beard, in answer to the voir dire questions of the district attorney, stated in the presence of the jury that at a former trial of the State of Mississippi v. Travis Vance she had heard conversation among the audience at the trial that there had been an attempt by persons unknown to her to bribe one or more of the jurors in the Travis Vance case.
The appellant promptly moved for a mistrial although Mrs. Beard on voir dire by the court had advised that this would have no effect on her decision in the event she was chosen as a juror. The court overruled the motion for a mistrial and then asked each of the jurors who were in the box, including the eight who had originally been selected, if "any juror felt like that by virtue of the answers of Mrs. Beard that you would change your mind about whether you can be a free, fair and impartial juror, any of you. Is there any juror that feels like now that there is any prejudice that has come about in the case; do you have any feeling whatsoever that you could not accord to this defendant as well as to the State of Mississippi a free, fair and impartial trial in the case?" No juror responded to the question directed by the court which was stated negatively and did not require an answer unless the juror felt that the statements of Mrs. Beard had prejudiced him or made it impossible for him to be fair and impartial as a juror.
The evidence in this case discloses that during the trial Genora Hoffman and her husband, John Hoffman, when in the courtyard, either leaving or going to the courthouse, encountered Culley Robinson, the appellant. The appellant admitted that John Hoffman spoke to him and offered to give him back a dime which John had borrowed from Culley in order to obtain a soft drink from a soft drink machine. The appellant admitted that he told John in the presence of Genora that he could get the dime later. Culley Robinson admitted that John Hoffman knew him. The record discloses that she recognized the appellant and asked her husband who he was. Her recollection was that John answered that his name was Willy, or Bill. However, John Hoffman on cross-examination by appellant testified that he told her his name was Culley Robinson. He said, "She just misunderstood me but I told her."
"Q. I see. And you tell this jury that you did not tell her that that person's name was Will or Bill?
"A. No, I didn't tell her. I told her his name was Culley Robinson."
The record discloses that during the trial efforts were made by Culley Robinson to frighten or intimidate Genora Hoffman, and subsequent to the trial and after the verdict she talked to the sheriff and reported *Page 400 
to him all of the efforts to bribe her which were made by Culley Robinson and she gave as her reason "because he told me, he said, `you know you've got a husband.' He said, `I don't know you but I do know your husband.'" The record also shows that John Hoffman talked to Culley Robinson and Culley asked him why his wife was holding her head down so like she was worried. John Hoffman testified he told the appellant, "Someone is threatening my wife's home." John Hoffman further testified that the appellant told him to report it to the sheriff, which John Hoffman did. He testified that the police came to his home thinking that someone had been shot.
Any other facts essential to the disposition of this case will be considered when reviewing the assignments of error.
Insofar as the first assignment of error is concerned, that the court erred in denying appellant's motion to a bill of particulars to the indictment, we point out that we have heretofore resolved this question as shown in the decisions of Wilson v. State, 221 So.2d 100 (Miss. 1969); Hamilton v. State,197 So.2d 469 (Miss. 1967); Jones v. State, 215 Miss. 355,60 So.2d 805 (1952); Love v. State, 211 Miss. 606, 52 So.2d 470
(1951); Moran v. State, 137 Miss. 435, 102 So. 388 (1925).
Mississippi Code 1942 Annotated section 1499 (1956) deals with when and under what circumstances a bill of particulars may be required in civil cases, but this Court has held that a bill of particulars will not be required in a criminal case, the basic reasoning of course being to require the state to stay within the confines of the indictment and to do otherwise would enable the state possibly to go beyond a strict construction of the indictment. It is not the intention of this Court to reverse cases in which we have held that a bill of particulars will not lie in a criminal case.
With reference to the appellant's assertion that the trial court erred in not declaring a mistrial we hold that there is no merit in this contention. The voir dire on the part of the court clearly discloses that no juror felt or believed that the statement made by Mrs. Beard would prejudice him or prevent him from being a fair and impartial juror. Matters of this nature are left considerably in the discretion of the court and we hold that the court did not abuse its discretion but acted properly in the matter. Smith v. State, 198 So.2d 220 (Miss. 1967).
Appellant's third contention is that the lower court erred in allowing Genora Hoffman's in court identification of the appellant, Culley Robinson. Appellant alleges that Genora Hoffman's in court identification had been so affected by the out of court showing of photographs that her entire identification testimony should have been stricken. We hold this assignment of error by appellant to be without merit. The record clearly indicates that Genora Hoffman had ample opportunity during the fifteen or twenty minutes when she was standing no more than three or four feet from the appellant when he was at her home talking to her on July 22 to observe and identify the individual. In addition, she observed the same individual outside the courthouse when she was with her husband, John Hoffman, who talked to appellant. Her husband testified that he had told her the man's name was Culley Robinson. The record clearly establishes that Genora Hoffman's identification was based upon independent facts which she knew, and that there was no substantial likelihood of misidentification. Stevenson v. State,244 So.2d 30 (Miss. 1971); Dorsey v. State, 243 So.2d 550 (Miss. 1971); United States v. Ballard, 423 F.2d 127 (5th Cir. 1970). Thus, there was no error committed in allowing Genora Hoffman to testify and identify the appellant in court.
For the foregoing reasons, the judgment of the circuit court is affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, SMITH and SUGG, JJ., concur. *Page 534