326 So.2d 466 (1976)
Francis ELLIS
v.
STATE of Mississippi.
No. 48883.
Supreme Court of Mississippi.
February 10, 1976.
Johnston, Pritchard & Wright, Pascagoula, for appellant.
A.F. Summer, Atty. Gen., by Karen A. Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, ROBERTSON and SUGG, JJ.
PATTERSON, Presiding Justice:
Francis Ellis was convicted in the Circuit Court of Jackson County for the sale of a controlled substance and sentenced to twenty years in the state penitentiary. On appeal he contends that the trial court erred in overruling his demurrer to the indictment, in overruling his motion for a directed verdict and in overruling his motion for a new trial. We affirm.
*467 The indictment, in part, follows:
... That FRANCIS ELLIS late of the County aforesaid, on the 26th day of September in the year of our Lord 1974, in the County aforesaid, did unlawfully, wilfully, knowingly and feloniously, jointly with other persons, sell a controlled substance without authority of law, towit: twelve (12) ounces of heroin for the sum of $13,000.00 to Bill Inman and Douglas Cutrer, at a time when he, the said Francis Ellis, had previously been convicted in the Circuit Court of Jackson County, Mississippi, the 19th Circuit Court District for the State of Mississippi for selling heroin, and was sentenced on February 1, 1972 to serve a term of three (3) years in cause numbers 6715, and 6716, to run concurrently against the peace and dignity of the State of Mississippi.
The demurrer averred the indictment denied him constitutional rights under the provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Section 26, of the Mississippi Constitution (1890), prohibition against double jeopardy because it informed the jury of his previous conviction on a separate charge and is again being used as a necessary and integral part of the present indictment charging another offense.
The trial court ruled on this ground of the demurrer as follows:
... I will not let you introduce the prior convictions of the Defendant for selling heroin in the presence of the jury. I will allow you to introduce prior convictions of selling heroin outside the presence of the jury.
* * * * * *
... Under my ruling, this Court will construe that to be surplusage and we will proceed with the trial of the cause under the decision that I rendered in the case.
We are of the opinion that the first ground of the demurrer was properly overruled since Mississippi Code Annotated section 41-29-147 (1972) makes provision for enhanced punishment for a second conviction. In Lay v. State, 310 So.2d 908 (Miss. 1975), it was held that an indictment authorizing enhanced punishment must include both the principal charge and a charge of the previous convictions and that both must be proved before punishment may be enhanced. The present indictment sets forth the principal charge and the previous conviction as authorized by statute and in accord with our case law. The demurrer was, in our opinion, properly overruled on the first ground.
We do not reach the constitutional issue raised by the demurrer since it was removed from the case when the court considered it surplusage.
The demurrer next asserted that the indictment charged the defendant with the sale of a controlled substance and, additionally, was worded in such fashion that it charged the defendant with the separate and distinct offense of conspiracy.
In ruling on this ground for demurrer, the following statements were made by the trial court:
... I will overrule that portion of your demurrer as to the allegations in the indictment that he along with others. I will overrule that based upon what you dictated into the record.
Well, I am not here to try a conspiracy. Now, the Court has ruled that with others, whether they  the charge of a conspiracy is not before the Court. They said in here that he did this along with others. Now, I am trying this man today, and I want to make it perfectly clear, on selling heroin at the time and place in question as alleged in the indictment and that alone.
The court did not permit any evidence of a conspiracy or of a previous sale to be offered *468 before the jury nor was comment thereon permitted in the presence of the jury. Neither does the record reflect that the indictment was carried to the jury room by the jurors in their consideration of the case. An examination of the indictment indicates clearly, we think, that the appellant was charged as an active participant in the sale of a controlled substance. While it is true that a conspiracy to sell a controlled substance is a separate and distinct offense from a sale thereof, nevertheless, this indictment does not charge a conspiracy. Moore v. State, 290 So.2d 603 (Miss. 1974). Moreover, the trial by the court's statements was limited exclusively to a sale. We are of the opinion that this ground of the demurrer was also properly overruled.
The assignments of error relating to the weight and sufficiency of the evidence are without merit. The evidence is clear, overwhelming and uncontradicted that the appellant actively participated in the sale of a quantity of heroin, a controlled substance.
The defendant in his motion for a new trial alleged the court sentenced him as a second offender. The punishment of twenty years in the state penitentiary is within the confines of punishment permitted for the sale of heroin in the first instance and will not be reviewed by this Court unless outside statutory confines. Ainsworth v. State, 304 So.2d 656 (Miss. 1974), and Boone v. State, 291 So.2d 182 (Miss. 1974).
We have reviewed the record in detail and do not discern any error of sufficient weight to suggest that the verdict and sentence should be reversed. It is therefore affirmed.
Affirmed.
GILLESPIE, C.J., and INZER, SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.