366 So.2d 240 (1979)
Arthur Fred YAZZIE
v.
STATE of Mississippi.
No. 50857.
Supreme Court of Mississippi.
January 17, 1979.
*241 Edwin R. Smith, Philadelphia, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and LEE and COFER, JJ.
LEE, Justice, for the Court:
Arthur Fred Yazzie was indicted and tried for manslaughter in the Circuit Court of Stone County. Evidence for the State indicates that Yazzie was driving an automobile in a culpably negligent manner and collided with another vehicle, resulting in the death of Phyllis Waits. The jury returned a verdict of guilty, Yazzie was sentenced to fifteen (15) years in the Mississippi State Penitentiary, and he appeals from that sentence and judgment.

*242 I.
Did the trial court err in overruling appellant's demurrer to the indictment?
The indictment charged that appellant "did unlawfully wilfully and feloniously, did [sic] kill and slay one Phyllis Waits, a human being ..." Appellant contends that the indictment should have charged that the death occurred "by culpable negligence" and that use of the word "wilfully" resulted in a charge of voluntary rather than involuntary manslaughter.
The Code section under which appellant was charged with the crime of manslaughter is Mississippi Code Annotated Section 97-3-47 (1972), which sets out:
"Every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title, shall be manslaughter."
Mississippi Code Annotated Section 99-7-37 (1972) provides:
"In an indictment for homicide it shall not be necessary to set forth the manner in which or the means by which the death of the deceased was caused, but it shall be sufficient to charge in an indictment for murder, that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased. And it shall be sufficient, in an indictment for manslaughter, to charge that the defendant did feloniously kill and slay the deceased, concluding in all cases as required by the constitution of this state." (Emphasis added)
In Jones v. State, 244 Miss. 596, 145 So.2d 446 (1962), which involved a death in an automobile collision, the indictment charged that Allen Jones "unlawfully and feloniously did kill and slay one Deavours Grissom, a human being." The Court held that the indictment was sufficient. Further, it was held in Williams v. State, 161 Miss. 406, 137 So. 106 (1931), a manslaughter case involving intoxication in an automobile collision, that the word "wilful" was treated as surplusage and the demurrer was properly overruled.
We conclude that the trial court was correct in overruling the demurrer to the indictment.

II.
Did the trial court err in denying appellant's motion for a directed verdict, request for peremptory instruction, and motion for a new trial?
The evidence favorable to the State shows that in the afternoon of May 21, 1977, appellant and Leonard Wayne traveled from Pascagoula to Wiggins by automobile for the purpose of attending a rodeo. Appellant drove from Pascagoula to Gautier, and Wayne drove from Gautier to near Wiggins, arriving at that point about 8 p.m. The route followed was north on U.S. Highway 49. At the outskirts of Wiggins, Wayne drove across the four-lane highway to a cafe known as "The Burger Hut" situated on the west side of the highway, where appellant sought information about the location of the rodeo. Appellant and Wayne had drunk a quantity of beer, appellant admitting that he had consumed twenty-three (23) bottles. Appellant was intoxicated according to several witnesses; he failed to find out where the rodeo was located; and when he returned to the automobile, Wayne suggested that appellant drive. He drove from the Burger Hut across the southbound lanes into the northbound lanes and, shortly thereafter, came to a rest stop, which he drove into. On departing from the rest stop, appellant drove into a southbound lane of the highway and proceeded north in the southbound lane, eventually colliding head-on with a Volkswagen automobile occupied by five (5) persons, which collision resulted in the death of Phyllis Waits and three (3) other individuals in that vehicle.
Appellant contends there is no evidence he was intoxicated to the extent that such intoxication had causal connection with the collision, and he relies upon Cutshall v. State, 191 Miss. 764, 4 So.2d 289 (1941). This Court discussed a similar contention in Gandy v. State, 355 So.2d 1096 (Miss. 1978) and said:

*243 "Appellant contends that his conviction is based upon (1) the apparent intoxication of appellant, (2) the accident apparently occurred in the deceased's lane of travel, and (3) the appellant did not have a valid driver's license at the time of the collision. He argues that there is no proof in the record that the alleged intoxication of appellant had any causal connection to the collision. He relies upon Cutshall v. State, 191 Miss. 764, 4 So.2d 289 (1941). However, the State's proof indicated that the collision occurred head-on between the vehicles in the northbound lane, which was the opposite lane of travel for appellant. The jury accepted that version of the case, and could reasonably believe that appellant's vehicle traveled south in the northbound lane as a result of his intoxication.
In passing upon the request for a peremptory instruction, all evidence favorable to the State must be assumed as true, together with reasonable inferences that may be drawn from same, and, if there is enough in the record to support a verdict, the request for peremptory instruction should be overruled. Warn v. State, 349 So.2d 1055 (Miss. 1977). Applying this rule, we are of the opinion that the evidence for the State is sufficient to support a verdict of guilty. Likewise, the verdict is not against the overwhelming weight of the evidence." 355 So.2d at 1098.
We are of the opinion that the trial court properly overruled the motion for a directed verdict and motion for new trial, and correctly refused the peremptory instruction.

III.
Did the trial court err in admitting Carol Fore's in-court identification of appellant?
The State's witness, Carol Fore, was working at the Burger Hut cafe on the night of the accident. She testified that appellant came to the take-out window, she talked with him about ten (10) minutes, he spoke with slurring words and she smelled the odor of alcohol coming from him. She positively identified appellant as the person with whom she talked. Appellant contended on the trial that Carol Fore had been presented a photograph of Yazzie and that her testimony should not be permitted. However, there was no attempt to suppress her testimony, there was no effort made to show any facts regarding a photograph presented to her, and there was no error in admitting her testimony. Howard v. State, 319 So.2d 219 (Miss. 1975); Robinson v. State, 253 So.2d 398 (Miss. 1971). Appellant testified that he saw and talked with Carol Fore approximately ten (10) minutes, and it is difficult to see how he now can argue that her identification of him was prejudicial to his case.

IV.
Did the trial court err in admitting appellant's confession?
Patrolman Breland was the first officer to the scene of the collision. He attempted to aid the people in the Volkswagen, and, after approximately one (1) hour, he began an on-the-scene investigation of the collision. The appellant and Leonard Wayne were sitting off the highway. Breland walked up to them and asked Wayne if he had been driving the second vehicle (Chevelle). Wayne stated that appellant was driving the Chevelle at the time of the collision, and appellant nodded his affirmation to that statement. Appellant contends that Breland should have advised him of his Miranda rights before asking any questions.
Appellant was not under arrest, he was not restrained of his freedom, and the officer was making a routine investigation of the accident at the scene. Such action is an exception to the Miranda rule. Ford v. State, 226 So.2d 378 (Miss. 1969). The appellant testified in his own defense and stated on the witness stand that he was driving the Chevelle automobile northward in the southbound lanes of Highway 49 and that he was driving the vehicle at the time of its collision with the Volkswagen. His argument that the trial court should not have admitted his statement to the Highway Patrolman at the scene of the accident *244 to the effect that he was driving the vehicle is without merit.

V.
Did the trial court err in imposing a sentence of fifteen (15) years in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and in violation of the Mississippi Constitution?
Appellant contends that the trial judge took into consideration the fact that four (4) people died in the collision and thus the reason for the severity of the sentence. He further argues that the sentence is cruel and unusual. This Court held in Clanton v. State, 279 So.2d 599 (Miss. 1973) and cases following Clanton, that a sentence within the limits of the statute is not cruel or unusual. The imposition of sentence is within the sound discretion of the trial court, and this Court will not review the sentence so imposed, if it is within the prescribed limits of the statute. Ainsworth v. State, 304 So.2d 656 (Miss. 1975).
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.