ROY NOBLE LEE, Justice,
for the Court:
Danny Ramsey Valentine was indicted, tried and convicted in the Circuit Court of the First Judicial District, Hinds County, Honorable William F. Coleman, presiding, for armed robbery and was sentenced to serve a term of twenty-five (25) years with the Mississippi Department of Corrections. He has appealed and assigns three (3) errors in the trial below.
The first two assignments of error present the contentions that (1) the trial court erred in overruling the appellant’s motion for a directed verdict at the close of the State’s case, and (2) the trial court erred in submitting the case to the jury on armed robbery, when the evidence indicated only simple robbery.
The first contention is without merit for the reason that the appellant introduced evidence in his own behalf after the State rested and the motion for a directed verdict was not renewed at the conclusion of all the evidence. See Lucas v. State, 381 So.2d 140 (Miss.1980); Fields v. State, 293 So.2d 430 (Miss.1974).
The second contention was not properly preserved for review because no objection was made to the instruction. See Miss. Sup.Ct. Rule 6 and applicable decisions of this Court. However, the appellant requested a peremptory instruction of not guilty which was refused, and we consider whether it should have been granted as if assigned under Error No. 1.
On December 8, 1980, the Ellis Isle Branch of Deposit Guaranty National Bank of Jackson, Mississippi, was robbed by a black male at approximately 12:55 p. m. He went to the teller’s window occupied by Mrs. Oral Lovett, requested her to change a twenty-dollar ($20.00) bill and then presented a brown paper bag and directed her to fill it with large bills. Mrs. Lovett was standing behind a shoulder-high counter approximately eighteen (18) to twenty-four (24) inches from the robber as she filled the bag with in excess of thirteen hundred dollars ($1,300). He was photographed by the bank security camera and subsequently was identified and arrested.
Upon his arrest, the appellant denied that he had any involvement in the robbery, but later, admitted committing the crime. He stated that he used the black handle of a broken hair comb to make the teller think he had a gun.
Mrs. Lovett testified the appellant pointed a small black handgun at her and she also called it a pistol. Appellant’s attorney purchased a starter pistol, incapable of firing a projectile, on the day of the trial, which was similar in appearance to the handgun described by Mrs. Lovett. He showed the starter pistol to her and asked Mrs. Lovett, if it looked like the handgun appellant exhibited on the day of the robbery. Mrs. Lovett described the handgun she saw appellant use as having a longer barrel and wider front than the starter pistol. Mrs. Lovett also said she was extremely frightened and thought appellant was going to shoot her.
Appellant testified the pistol he used in the robbery was a starter pistol and he had carried it to his home. However, at trial he stated he did not know the whereabouts of the pistol. A search of the premises by the police failed to reveal the pistol.
The appellant testified in detail that he committed the robbery but that he did not use a real pistol or a deadly weapon. The *689 main contention on this appeal is that the State failed to prove the more serious crime of armed robbery since it was not shown that appellant had, and used, a real gun.
The jury was instructed by the court that before it could find appellant guilty of armed robbery, the jury must believe beyond reasonable doubt that the appellant exhibited a deadly weapon to Mrs. Lovett in committing the robbery. There is nothing in the testimony of Mrs. Lovett to indicate that the weapon was a starter pistol. Her testimony was to the effect that appellant pointed a small black handgun/pistol at her with his finger on the trigger and that she was afraid he was going to shoot her. That testimony and the inconsistencies in the statements and testimony of appellant, together with the inferences flowing from all the evidence, were sufficient to present an issue for the jury as to whether or not appellant used a deadly weapon. Warn v. State, 349 So.2d 1055 (Miss.1977).
The appellant further contends the lower court erred in sentencing him by giving special consideration to the fact that he robbed a bank. The appellant was twenty (20) years old and a college student at the time of the trial, with no previous felony conviction. At the time of pronouncing sentence upon the appellant, the trial judge stated:
It’s unfortunate that someone of your age on the first offense that they’re charged with ends up committing such a serious crime. The prospects of death or serious injury as a result of bank robbery is so great that it has to be treated very — in a different view from the ordinary crime or the usual armed robberies that we’re faced with. I sentence you to a term of twenty-five years in the custody of the Mississippi Department of Corrections.
The appellant argues that the lower court considered robbing a bank to be a more serious crime than any other type of armed robbery, and such constitutes error. However, that argument is not persuasive. We have held many times that the imposition of sentence is within the sound discretion of the trial judge when the sentence is within the limits prescribed by statute. Yazzie v. State, 366 So.2d 240 (Miss.1979); Ainsworth v. State, 304 So.2d 656 (Miss.1975).
There being no reversible errors in the record, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING, HAWKINS, and DAN M. LEE, JJ., concur.