PATTERSON, Chief Justice,
for the Court:
Brenda Joyce Ford was indicted in the First District of the Circuit Court of Hinds County for the murder of James Willie Peters. The first trial on this charge ended in a mistrial after the jury failed to return a verdict. This appeal is from the second trial in which Ms. Ford was found guilty of manslaughter and sentenced to twenty years imprisonment. Ford appeals, assigning as error that the lower court abused its discretion in sentencing her to the maximum term allowed by statute because of unduly prejudicial information received from an unidentified juror in the first trial.
On January 31,1982, Ford took a shotgun into Beverly Jones’ apartment, where she believed James Willie Peters and others were using Ford’s daughter as a prostitute and giving her illegal drugs. Three witnesses testified that Ford pointed the gun at Peters and told him she would shoot him if he did not tell her the whereabouts of her daughter Kim. The gun then went off, killing Peters. Ford testified that she had *14 merely been trying to frighten Peters into telling her where her daughter was and that the shooting was accidental.
After the jury found Ford guilty of manslaughter, she told the court that her concern for her daughter had made her emotionally overwrought on the day in question. The judge, having heard Ford and her attorney, made the following statement:
Well, I don’t think there is much question that you were in an agitated state when you went up there and it was probably justified as far as your child having been a run-away and you couldn’t locate her but I agree with the jury that it was a misplaced agitation as far as the source of the agitation and the first jury advised me that it was eleven to one for premeditated murder and one juror advised me that he wouldn’t vote for anything— guilty, not guilty or manslaughter — and I think except for that one fact when you occasionally get a juror who will not vote for — who will not participate — under our laws, that results in a mistrial — you would be standing there with a mandatory life sentence. I think that the jury has shown considerable leniency in reducing the charge to manslaughter. So I sentence you to a term of twenty years in the custody of the Mississippi Department of Corrections.
Adopting the concept that sentencing should be a matter of some judicial discretion, this Court has routinely upheld sentences within statutory limits. Yazzie v. State, 366 So.2d 240 (Miss.1979); Ellis v. State, 326 So.2d 466 (Miss.1976). In Bracy v. State, 396 So.2d 632, 636 (Miss.1981), it is stated, “It has long been the rule in this state that an imposition of a sentence in a criminal proceeding is within the sole discretion of the trial judge and this Court will not set it aside if the sentence is within prescribed statutory limits.”
Since Miss.Code Annotated, § 97-3-25 (1972), authorizes a 20-year term for manslaughter, appellant’s argument would clearly be meritless were it founded only on the premise that the sentence is excessive. However, appellant contends that the sentence was improperly based on prejudicial and unvalidated information from a juror in the first trial. We agree and remand this case for resentencing.
In Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693 (1948), the Supreme Court considered a sentence based on materially untrue assumptions about defendant’s criminal record and stated, “[I]t is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process.” Thus Townsend held the foundation for the sentence was improper for two reasons: (1) it consisted of materially false information which (2) defendant had no opportunity to rebut or explain. We are of the opinion the underlying principle of Townsend controls in this case. While the juror’s statement cannot be labeled materially false, neither can it be validated. Further, defendant was not given an opportunity to attempt to refute the juror’s assertion.
It is ironic that had the trial court not disclosed the basis for its imposition of the maximum sentence, this issue would not be before this Court. However, the court clearly founded sentence on an unverified statement which defendant was not allowed to refute; therefore, we remand for resen-tencing consistent with this opinion.
REMANDED FOR RESENTENCING.
WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.