This is an appeal from the Circuit Court for the First Judicial District of Hinds County. The appellant was convicted of uttering a forged instrument and sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. From this judgment and sentence, the appellant perfected an appeal to this Court.
On September 27, 1980 the appellant entered the Jitney Jungle Store located at 1204 West Capital Street in Jackson. He presented a check in the amount of $150.00 and asked that it be cashed. The check was drawn on Diamond Services, Inc. and made payable to Calvin D. Johnson. For identification the appellant presented a current Mississippi driver's license bearing the name of Calvin Johnson.
On notice that Jitney Jungle had received forged checks from Diamond Services, Inc., Mr. H.R. Addison, the store manager, detained the appellant and called the police. The appellant then tried to leave, but was prevented from doing so by Mr. Addison.
Thereafter, Officer J.K. Webb as well as Detective Rochester of the Jackson Police Department arrived. In response to a question by Officer Webb, the appellant stated that his name was Calvin Johnson. Officer Webb then asked the appellant to give the address and date of birth that appeared on the driver's license bearing Calvin Johnson's name, but the appellant was unable to do so.
As the officers started to leave with the appellant, however, they noticed a wallet in the chair where appellant had been sitting. Officer Webb looked inside the wallet and found a North Carolina driver's license, which was issued to Alfred Lewis and contained a photograph of the appellant. Through old arrest records the police later determined that Alfred Lewis was indeed the appellant's real name.
At trial Lewis denied any knowledge that the check was forged. He testified that on September 27 he was walking down Capital Street in Jackson when he hitched a ride from an unknown man in a white Ford. The man had casts on both his left arm and left leg. Stating that he had trouble getting in and out of the car, the man asked Lewis to cash a check for him. Lewis agreed. He then took the check and went into the store. When problems developed in cashing the check, Lewis tried to go to the car and get the man, but was stopped by the store manager. Lewis further testified that from the store office he could see through a window into the parking lot and noticed the white Ford drive away.
After hearing all the evidence, the jury returned a verdict of guilty. Urging reversal on appeal, the appellant first complains that the trial court erred in allowing into evidence his statements made while in custody but before being informed of his constitutional rights. At trial, both Officer Webb and Detective Rochester testified that the appellant was not given theMiranda warning until after he was taken to the police station. Both officers also testified that the appellant told them his name was Calvin Johnson. The appellant argues that under Mirandav. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) admission of this testimony was error since these statements were made during a custodial interrogation and before being informed of his constitutional rights. This argument is without merit. In the present case the officer arrived shortly after the crime was committed and found the appellant being detained by the store manager. Under such circumstances Miranda does not preclude an arresting officer from asking the detained individual his name, although he has not yet been advised of his constitutional rights as prescribed by Miranda, supra. This is true even though a *Page 1389 
person gives a false name at the time he is arrested, and the officer's testimony in this regard is admissible in evidence. Cf.Pennington v. State, 437 So.2d 37 (Miss. 1983); Yazzie v.State, 366 So.2d 240 (Miss. 1979).
The appellant next contends that the trial court erred in allowing testimony that he had a prior arrest. The appellant elicited the testimony on cross-examination of Detective Rochester and cannot now be heard to complain that it was error.
The appellant's remaining assignment of error is without merit.
For the above reasons, the case is affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
 *Page 358