PATTERSON, Chief Justice, for the Court:
Ralph Banks was tried in the Circuit Court of the First Judicial District of Hinds County and convicted of possession of more than one ounce of marijuana with intent to distribute. He was sentenced to serve a term of forty years in the custody of the Mississippi Department of Corrections and to pay a fine of $60,000.00 pursuant to §§ 41-29-147 and 41-29-139(b)(2) of Mississippi Code Annotated (1972).
Banks’ main contention on appeal is the court erred in overruling his motions for a new trial and for a judgment notwithstanding the verdict because he was not properly advised of his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to the seizure of the marijuana from the trunk of his car.
On February 11,1984, two officers of the Jackson Police Department were on routine patrol when they drove a patrol car near Ralph’s Arcade, formerly the Foxtrap Lounge. From a distance of 25 to 30 feet they observed two men standing at the rear of a 1966 Chevy Nova. One of the men, later determined to be Banks, was taking a small manila envelope from the open trunk while the other man stood by with money in his hand.
The officers stopped the patrol car in the street, whereupon Banks slammed the car trunk closed and ran into the lounge. One of the officers pursued Banks into the lounge and saw him pass the envelope to a man who filtered into the crowd. The manila envelope was not recovered.
The officer brought Banks outside, handcuffed him, and placed him under arrest. His car keys were then removed from his pocket, and when the officers opened the car trunk they found 17 “dime” bags and four large plastic bags of marijuana, weighing 91.1 grams. One Hundred Eighty Six Dollars was found and removed from Banks’ front pocket.
Banks does not dispute he was in possession of more than one ounce of marijuana on that date, nor that it was locked in the trunk of his car. He contends the evidence should have been suppressed because he was not advised of his Miranda rights before it was seized from his car trunk.
This argument is of no moment in this suit since Banks answered no questions, made no statements, nor otherwise *846 confessed to any crime. His Fifth Amendment privilege against self-incrimination has not been violated because he did not communicate with the police.
We note Banks does not object by way of probable cause to the search of his automobile trunk, and correctly so. The police officers, having observed the two men at the trunk of the car exchanging a manila envelope and money at night in front of a lounge, were reasonable in suspecting an illegal drug transaction was taking place. Because there was probable cause to suspect illegal contraband was concealed within the automobile, the search of the trunk and seizure of the marijuana was proper. U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
Finally, Banks assigns as error the imposition of a forty year sentence and $60,-000.00 fine is the infliction of cruel and inhuman treatment contrary to the Eighth Amendment to the United States Constitution and Article III, Section 28 of the Constitution of the State of Mississippi. He' does not, however, address this in argument, and neither shall we except to note the authority by which this sentence was imposed.
Section 41-29-147, Mississippi Code Annotated (1972), provides, “Any person convicted of a second or subsequent offense under this article may be imprisoned for a term of up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.”
The indictment in this cause sets forth the nature of the offense constituting Banks’ previous conviction under the Uniform Controlled Substances Law, and the jurisdiction in which the conviction was obtained. The circuit court properly considered the previous conviction in sentencing Banks under the enhanced penalty statute and increasing the term authorized by Section 41-29-139(b)(2), Mississippi Code Annotated (1972). Lay v. State, 310 So.2d 908 (Miss.1975); Ellis v. State, 326 So.2d 466 (Miss.1976).
Banks’ fine and sentence imposed below are affirmed.
AFFIRMED.
WALKER, P.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.