WALKER, Chief Justice,
for the Court:
The appellant, Tommy Lee Brown, was indicted and tried in the Circuit Court of Lowndes County, Mississippi, for the armed robbery of the Merchants and Farmers Bank in Columbus, Mississippi. He was convicted and sentenced as an habitual criminal to serve a term of twenty-five (25) years in the custody of the Mississippi Department of Corrections. He appeals from that conviction. Finding no error in the trial below, we affirm.
On appeal the appellant raises one issue: the admission of testimony, over defense counsel’s objection, relating to evidence of another criminal offense.
*509 The alleged crime, planned by three male individuals, was committed by two of the three. On the day prior to the commission of the crime one of the men hid a 30/30 rifle and a 22 single-shot rifle behind a Green Stamp Store next to the bank. The weapons were to be used in the robbery.
At trial, testimony was produced regarding three rifles; a 22 single-shot rifle, a 30/30 caliber Marlin rifle and a 7 millimeter magnum Remington rifle. The 30/30 and the 7-millimeter had been stolen from a Mr. Ming. The 7-millimeter was recovered from the backyard of appellant’s residence. The appellant did not testify nor offer any witnesses in his behalf.
During cross-examination of the State’s witness, Officer Pete Bowen, the investigating officer, defense counsel elicited testimony that the 30/30 had been stolen from Mr. Ming and that the 30/30 and the 7 millimeter magnum were found in appellant’s yard. On re-direct, over objection of defense counsel, the State was allowed to further develop this line of questioning which appellant asserts was error in that it constitutes inadmissible evidence of a separate offense.
The appellant bases his argument on the rule that evidence of other offenses or misconduct should not be allowed in a criminal case. The evidence should be confined to the issue for which the appellant is being tried, in this case, armed robbery.
The appellant having elicited the testimony on cross-examination, thus inviting the response from the prosecutor, cannot now be heard to complain it was error. Lewis v. State, 445 So.2d 1387 (Miss.1984); Shelby v. State, 402 So.2d 338 (Miss.1981). See also Graves v. State, 492 So.2d 562 (Miss.1986). If the testimony brought forth on re-direct was error it was error induced by the appellant. Appellant’s argument is without merit.
The conviction and sentence of the appellant is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.