SOUTHWICK, J„
for the Court:
¶ 1. Elbert Lowe was convicted by a Washington County Circuit Court jury of robbery. On appeal Lowe argues that he was entitled to a directed verdict of acquittal or at least that the jury’s verdict was against the overwhelming weight of the evidence. We disagree and affirm.
FACTS
¶ 2. Mrs. Thelma Harriston operated a small general store in Percy, Mississippi. At approximately 7:30 P.M. on July 24, 1996, a man entered while Harriston was waiting on the only customer in the store. Harriston testified that the new apparent customer had his hand stuck in his shirt. Harriston hurriedly finished cutting meat for the existing customer because she was suspicious of the man and wanted the first customer out of the store.
¶ 3. The first customer left. Harriston placed her hand in her pocket where she had hidden a pistol, then asked the man if she could help him. He told her that she could, since he wished to rob her and demanded all the money. Harriston responded, “Say, what?” and stepped back from the robber. She testified that the man never said anything to her about having a gun. The victim did not see an actual gun nor the outline of one inside his shirt. She just assumed that he had one. The robber then jumped across the counter demanding money. Harriston pulled her hand out of her pocket, drawing and firing her Smith & Wesson .38 caliber revolver. She wounded the robber in the hand and leg, but not so critically as to prevent him from overpowering her and throwing her against a drink box. With her wrist now broken Mrs. Hairiston was unable to keep the robber from wrestling her weapon from her. Taking her gun, he went to the cash register and emptied it. During this time, the assailant said that he should kill Harriston and that she had shot him “bad.” The wounded robber then began to hit on an adding machine demanding more money, but left after being informed that it was just an adding machine. The man left with approximately $150 along with Harriston’s revolver. Harri-ston then called the emergency telephone number for the police.
¶ 4. The initial customer, Doris Grand-berry, also testified. She said that the man entered the store and began looking around. She told him that she recognized him as being Elbert Lowe. He said his name was Albert something but she could not recall the last name that he gave. He said that he had a gun and was there to rob the store. Grandberry had fifteen dollars in her hand that she offered him, but he refused the money and said he was going to rob the store and for her to go around the counter and get the money. Grandberry informed him that she did not work there. He asked if the lady in the back did and Grandberry responded yes. Grandberry then paid Harriston for her purchase and witnessed the subsequent shooting. She did not see Lowe take any money since by that time Grandberry had fled. She called the police shortly after leaving the store.
¶ 5. The responding officers informed Harriston that the perpetrator had already been caught. He had passed out from loss of blood after driving away from the scene. At trial, Harriston was unable to identify Lowe, saying that she had never seen the man before the robbery nor since. Grand- *406 berry did positively identify Lowe as the robber. Lowe also was the man who had passed out from loss of blood due to bullet wounds.
¶ 6. Lowe was indicted for and instructions were given to the jury to support conviction for armed robbery. The jury acquitted on that charge but found Lowe guilty of robbery.
DISCUSSION

Issue: Weight and sufficiency of evidence

¶ 7. When a defendant requests a directed verdict in a criminal case, he is arguing that the evidence is insufficient as to one or more elements of the crime charged. Johnson v. State, 642 So.2d 924, 927 (Miss. 1994). Appellate review of evidentiary sufficiency requires that all evidence be viewed in a light most favorable to the State, and that all reasonable inferences from the evidence to support the verdict must be indulged. Holloman v. State, 656 So.2d 1134,1142 (Miss.1995).
¶ 8. Lowe moved for a directed verdict only on the armed feature of the robbery charge. The discussion among trial counsel, the prosecutor, and the judge centers on whether the facts constituted armed robbery. Although counsel spoke of the State’s failure to prove Lowe had put his victim in fear, counsel was referring to putting her in fear from a weapon. We highlight but a few statements by defense counsel to illustrate this point. “I would ask the court to follow the lines of Newsome and to just direct a verdict on the armed aspect of the thing right now.” Further, he explained that he was moving for a “verdict on the issue of armed robbery. ...” As a factual matter, there simply never was a denial of a motion for a directed verdict on robbery. When Lowe’s counsel renewed his motion at the end of trial, he referred to his earlier motion and implicitly again limited the matter to whether his client was armed.
¶ 9. Lowe was acquitted for armed robbery, and therefore the issue of the propriety of the denial of a directed verdict on that charge is moot. However, even if some part of Lowe’s trial argument could be read expansively to include a request for a directed verdict on robbery as well, it is unavailing. We have discussed the testimony of the two witnesses at the store which is more than adequate, with few if any inferences necessary to be drawn from the evidence, to support conviction.
¶ 10. On appeal Lowe contends that the facts would at best support a conviction for petty larceny. At trial defense counsel candidly acknowledged that this was probably a robbery case and not petty larceny, although an argument for the lesser offense was possible. Defense counsel agreed with the State’s request not to instruct the jury on petty larceny. We find that an accurate view of the facts.
¶ 11. There is a treasure trove of evidence that Lowe committed robbery either by actual force (grabbing, disarming, and pushing Harriston) or by putting her in fear of the use of force (saying it was a holdup, demanding money, and jumping across the counter) or both. That is all that is necessary under Mississippi Code section 97-3-73 for simple robbery. The victim testified to being frightened when she saw the man with his hand in his shirt. She testified to stepping back, drawing her weapon, and firing into her assailant; these are actions not normally associated with the peaceful operation of a general store. Robbery requires fear or force but not the use or possession of a deadly weapon. Miss.Code Ann. § 97-3-73 (Rev.1994).
¶ 12. The weight of the evidence is also in favor of the verdict. “A new trial is to be granted if the jury’s verdict so contradicts ‘the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice.’ ” Pierre v. State, 607 So.2d 43, 54 (Miss.1992) (quoting Groseclose v. State, 440 So.2d 297, 300 (Miss.1983)). The only *407 injustice, considering the strength of the evidence, would have been to acquit.
¶ 13. The defense requested a robbery instruction and it was granted in addition to an instruction on armed robbery. The jury chose to convict Lowe on robbery.
¶ 14. Though we affirm, we should not be interpreted as endorsing the jury instructions on armed robbery that were used in this case. Lowe explicitly accepted the jury instruction that guilt was proven if the victim reasonably believed that there was a gun. Since Lowe was convicted of robbery as opposed to armed robbery, any error in that instruction is academic. Even so, two armed robbery cases are worthy of brief mention. One examined the evidence closely before concluding that the jury could reasonably determine that an actual gun was hidden under the shirt of the accused. Hughey v. State, 512 So.2d 4, 6 (Miss.1987). Another case described the instructions for armed robbery, which were inconsistent with the instruction used in this case. Valentine v. State, 415 So.2d 687, 689 (Miss.1982) (“The jury was instructed by the court that before it could find appellant guilty of armed robbery, the jury must believe beyond reasonable doubt that the appellant exhibited a deadly weapon to Mrs. Lovett in committing the robbery.”).
¶ 15. Having only noted the issue of the instructions, we affirm.
¶ 16. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COST OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, AND LEE, JJ., CONCUR.
PAYNE, J, CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY BRIDGES, LEE, AND THOMAS, JJ.